SETH M. BARTON AND OTHERS v. THE STATE.

On a *scire facias* against the principal and sureties in a bail bond, to show cause why a judgment *nisi* against them should not be made final, the mere fact that the accused is in court ready to be tried on the indictment, is not a suffi-cient answer.

If the principal be in court, before the judgment final is rendered, it is his duty to present to the court, the reasons why the judgment ought not to be made final; and if he show then, any of the causes enumerated in Art. 413 of the Code of Criminal Procedure, he will be entitled to be put upon his trial on the indictment, and the judgment *nisi* cannot be made final against him.

Where sufficient cause is not shown, even though the accused be present or in jail, before the entry of final judgment, it rests within the discretion of the court, to remit the forfeiture of the whole or part of the bond or recogni-sance.

APPEAL from Bexar.   Tried below before the Hon. Thomas J. Devine.   The facts appear from the opinion.

*J. A. & G. W. Paschal*, for the appellants.

*Attorney-General*, for the appellee.

BELL, J.—On the 7th day of April, 1857, the appellants, Seth M. Barton, as principal, and J. B. Plumer and J. N. Palmer, as sureties, entered into bond before a justice of the peace, which bond was in the sum of $1000, conditioned that the said Barton

should make his appearance before the next term of the District Court for Bexar county, to answer any indictment that might be returned against him by the grand jury, &c. On the 17th day of June, 1857, the District Court for Bexar county, being then in session, judgment *nisi* was rendered on the said bond, because of the failure of the said Barton to make his appearance before the court. *Scire facias* issued to the parties against whom the judgment *nisi* was rendered, commanding them to appear and show cause, &c. The *scire facias* was served on Palmer on the 25th day of September, 1857. J. B. Plumer was served by publication, the service being made to the Fall Term, 1857, of the District Court for the county. At that term, an interlocutory judgment was entered against Barton and Palmer, and the cause continued, doubtless, because final judgment could not then be taken against Plumer; that term of the court being the first term after service upon him by publication. At the Spring Term, 1858, of the court, judgment final was taken against all the parties, for the sum of $1000, they failing to appear when called in due form of law.

It is worthy of remark, in this statement of the case, that the judgment *nisi*, rendered on the 17th day of June, 1857, appears in the record, now before the court, to have been rendered for the sum of $200, but there is a letter in the record which we understand the parties agree to treat as a return of a *certiorari*, by which this is shown to be a mistake of the clerk, and the difficulty growing out of it obviated.

At the Spring Term, 1858, after judgment final upon the bond had been rendered by the court, the appellant, Barton, appeared in court, and was tried upon the indictment pending against him. On the same day on which the judgment was made final, the appellants appeared, by attorney, and filed a paper, which purports to show cause why the judgment *nisi* should not be made final against them. This paper states, that Barton is in court ready for trial upon the indictment. If the appellant, Barton, was in court before the judgment *nisi* was made final, it was his duty to present to the court the reasons why the judg-

ment ought not to be made final against him.   If he had shown, before entry of final judgment, any of the causes enumerated in Art. 413 of the Code of Criminal Procedure, then he would have been entitled to be put upon his trial on the indictment, and the judgment *nisi* could not have been made final against him. (Art. 416 of the Code of Criminal Procedure.)   But the paper which purports to show cause why the judgment should not be made final on the bond, does not allege any one of the causes enumerated in Art. 413; and where sufficient cause is not shown, even though the party be present or in jail before entry of final judgment, it rests within the discretion of the court to remit the forfeiture of the whole or part of the bond or recognisance. (Art. 415, Code of Criminal Procedure.)

We think, therefore, that inasmuch as the appellant, Barton, did not appear before entry of judgment final upon the bond, and show sufficient cause why the judgment final should not be entered, we cannot revise the discretion exercised by the court below in entering the final judgment, from which this appeal is taken.   Judgment of the court below is affirmed.

                              Judgment affirmed.