## THE STATE v. ADOLPH GLAEVECKE.

1. A recognizance is not defective in form because it binds the party to appear "from day to day," as well as from term to term. The phrase "from day to day" may be treated as surplusage, or it may be regarded as proper for the reason that the term of a court is but one day in legal contemplation.

2. The true date of a recognizance was the fourth of April, 1867; but the *scire facias* recited that it was entered into at the Fall term, 1867. *Held*, that the recital, though incorrect, was unnecessary; and hence the error was immaterial. Nothing more was necessary than to give notice to the defendants of what had been done respecting the conditional judgment, and requiring them to appear and show cause why it should not be made final. (Horn v. The State, 3 Texas, 190, cited and approved.)

3. This court dissents from the opinion in the case of The State v. Cox, 25 Texas, 404, in so far as it treats a *scire facias* on a recognizance or bail bond as a petition. A *scire facias* is the precept of the court, notifying the defendant of the conditional judgment, and commanding him to appear and show cause why it should not be made final. No petition is necessary.

4. Non-essential errors in a *scire facias* may be disregarded, or the court should order them to be amended when the defendant has appeared, and put him to the defenses allowed in Article 2884 of Paschal's Digest.

APPEAL from Cameron. Tried below before the Hon. E. Basse.

The opinion of the court renders apparent all material facts.

*E. B. Turner*, Attorney General, for the State.—The writ of *scire facias* in this suit was issued upon a forfeiture previously taken, and recites every fact that shows a goood cause of action, and the writ is in the nature of a petition. There is no objection to the service. The reasons why the defendant did not appear at the previous term, are the things that he shall show in his answer. (See Article 2880.) None of these reasons are assigned. The indictment is not necessarily a part of the record. (The State v.

Cox, 25 Texas, 406.) The recognizance in this case is similar to that in Barton v. The State. (See 24 Texas, 250, and also, State v. Russell, 24 Texas, 506.) The writ contains all the necessary averments to show the liability; anything further is or may be treated as surplusage. (25 Texas, 406, above cited.) Wilson v. State, 25 Texas, 169, shows that the recognizance is good. *Scire facias* is amendable. (Davidson v. The State, 20 Texas, 655; 3 Texas, 191.)

The objections are in the nature of general exceptions, and they are not sufficient.

Under the authority of the State v. Cox, the court could not be asked to look back to the indictment to see whether the *scire facias* recited the words of the indictment, and this exception could have no legal effect.

*Powers & Maxan*, for the appellee.—The appellee submits, that the *scire facias*, which is in the nature of a petition, as conceded by the Attorney General, shows of itself no proper ground of recovery, because the same is contradictory of the record upon which it purports to be founded.

The *scire facias*, in case No. 3170, sets out with an averment, that at the Fall term of the District Court of Cameron county, 1867, the defendant Smith was indicted for an aggravated assault and battery upon the person of M. Hammer; that the defendant Smith, with his surety Glaevecke, entered into a recognizance in the sum of five hundred dollars, for the due appearance of the said Smith at the next term of said court, and from term to term, to answer any charge, etc.; and that at the next term of said court, to-wit, at the Fall term, 1867, and on the sixth day of November of that year, the said defendant, principal and surety made default, etc.

The averments in case No. 3169 are the same, except that the offense purported to be charged in the indictment, is theft from the person of M. Hammer.

In each case the *scire facias* charges that a judgment *nisi* was entered against the principal and surety, at the said Fall term, 1867.

And it further appears that so far from the recognizance providing for the appearance at the " next term," and " from term to term," it provided for the appearance from day to day and " term to term."

Now it is submitted, that a contradiction so patent as this is good ground for exception, and that no proof could aid it out. It is such a contradiction that it nullifies itself; and we could as well say that no *scire facias* should be necessary, if not a good and consistent one is required. The *scire facias* should follow the judgment and be intelligible. (Davidson v. The State, 20 Tex., 655.) And assimilating the *scire facias* to a petition, the facts are to be laid and stated as they truly are. (Paschal, Art. 1427.) And this more particularly when setting out a record or specialty as a recognizance.

Now, by reference to the recognizance in each case, we find it entered on the fourth day of April, 1867, and therefore not as laid in the *scire facias* or petition. And besides, the recognizance in each case does not bind the principal to answer an offense stated as charged in the indictment, nor is the indictment therein referred to as required by law. It does not state the offense with which the defendant, principal, is charged, nor does it appear by the recognizance that the defendant, principal, is accused of an offense against the laws of this State. (Paschal, Art. 2731.) But that, hypothetically, the said defendant shall appear to answer any charge that may be brought against him.

The very offense in the indictment must be named in the bond, and a variance will be fatal. (Foster v. The State, 27 Texas, p. 236.)

The recognizance should be by the same christian name of the person indicted, and if there be a variance it should be explained

by proper averment in the *scire facias*.     (Graves v. The People, 11 Ill. R., 42; Lowe v. The State, 15 Tex., 142.)

So also is the christian name of the person injured just as necessary an ingredient in the recognizance as in the indictment, for by this means alone can the identity of the person and the offense be kept up.     (See 3 Greenleaf's Ev., § 22; Wharton's American Crim. Law, p. —.)

Now to apply these principles to the cases in hand :     The christian name of Hammer, in each of the recognizances, is left out; and we say that there is no mention in the recognizance of the offense in the indictment as there should be; and as the averments in this respect in the *scire facias* are to be consistently construed, if possible; and if this cannot be done, the whole must fall.     (Davidson v. The State, 20 Tex., 654.)     Because, if the court are to know the injured person and the offense committed on him to be identical with the same named in the indictment, the *scire facias* should so charge by proper averment.     (Lowe v. The State, 15 Tex., 142.)     And the recognizance must agree with both, or the variance will be fatal.

We submit, that under the circumstances of these cases, the law and the practice of the court, that the judgment of the court below should be affirmed.

WALKER, J.—This is a proceeding upon a forfeited recognizance, and we find the record discloses these facts :

That at the Fall term of the District Court for Cameron county, for the year 1868, the District Attorney moved for final judgment against the defendant, now appellee, who resisted the motion upon the ground that the *scire facias* which had issued upon the judgment *nisi*, rendered against him at the Fall term of the court for the year 1867, was defective and void.     Several exceptions, in the nature of special demurrers, were filed by the defendant, and also a denial of all the material facts, upon which it was sought to

convert this inchoate into an absolute and final judgment.   Upon examination of the briefs filed by counsel of appellee, we are led to conclude that the principal grounds of exception were to the recitals in the *scire facias*, and the terms of the recognizance, as it appears in the record.   The recognizance is dated April 4, A. D. 1867; it binds Charles Smith, as principal, and Adolph Glaevecke, as surety, in the penal sum of five hundred dollars; and is conditioned for the appearance of said Charles Smith before the honorable District Court, in and for the county of Cameron, from "day to day, and from term to term, thereafter, until discharged by due course of law."   There is no error in this form of recognizance.   It may have been given in term time, and intended to secure the attendance of the principal from day to day of the term, and in case he was not tried at that term of the court, to any future term.   Besides, the "term" of the court is, by fiction of law, but one day, for the purpose of giving the court the opportunity of revising and correcting judgments and decrees, if necessary, at any time during the term.   The words "from day to day" might be rejected from the recognizance, and it will still be good.

The true date of the recognizance being the fourth of April, 1867, the recitals in the *scire facias* are erroneous.   They set forth that at the Fall term of the court for the year 1867, the appellee as security, and Charles Smith as principal, entered into a recognizance, conditioned, etc.   The recitals were unnecessary in the *scire facias*, if they had been correct.

In the case of Horn, security for Harrison, v. The State of Texas, 3 Texas R., 190, the court, in an opinion delivered by Mr. Justice Lipscomb, say: "The common law process practice has never been adopted in our courts, although the common law terms are frequently used in our statutes.   The term '*scire facias*' is often used when it is evident that nothing more than a mere notice was intended.   A notice to a party of what has been done, and

requiring him to appear and show cause why a conditional judgment should not be made final, is all that is required."

In Davidson v. The State, 20 Texas R., 655, Mr. Justice Wheeler, delivering the opinion of the court, recognizing the doctrine of the case of Horn v. The State, says that the *scire facias* is defective. "It does not follow the judgment, it recites a judgment rendered on the twenty-sixth, whereas it was rendered on the twenty-fifth of the month." The judgment of the court was reversed. The recital was material and misdescribed the judgment. It is not unlikely that the District Court intended to follow the rulings in this case. It was a case where the recitals were erroneous. The variance was considered fatal.

In the case of The State v. Wm. E. Cox, *et al.*, 25 Texas R., 404, Mr. Justice Bell, delivering the opinion of the court, says: "The *scire facias*, which issues upon the forfeiture of a recognizance or bail bond, stands in the place of a petition, and must state the facts of which the parties are required to take notice, and which they are called upon to answer, with reasonable certainty." We cannot adopt the language used by the court in this case; nor can we concur in the opinion that the *scire facias* stands in the place of a petition, nor do we think any petition necessary. There is already a conditional judgment against the defendant, to which he is privy. The *scire facias* is the precept of the court; the court files no petitions, and the law requires none, but it entitles the party to notice of what has been done, and commands him to appear and show cause why the court should not proceed further and make the conditional judgment final; and if he fail to appear no new judgment is entered upon this precept, but the judgment already entered is made final. If there were non-essential errors in the *scire facias*, they could have been set aside, or an amendment made in open court, *sine mora*, or amendments could have been made upon terms. The appellee was in court, answering and demurring; no injustice would have been done him by permitting

the necessary amendments to be made.   And considering the fact that the irregularities and informalities complained of were such as were found only in the precept of the court, we think the court erred in not ordering the amendments made, and putting the defendant to the statutory course of defense in said actions (see Paschal's Digest, Art. 2884); and unless he had shown some of the grounds of defense enumerated in this article, the judgment should have been made final.   (See Barton v. The State, 24 Texas, 252.)   The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.