[No. 1675.]

## Monroe Thompson and others *v.* The State.

1. **Practice — Misdemeanor — Recognizance on Appeal.**— With reference to the procedure in the lower courts after a determination of an appeal in the Court of Appeals, it is provided that, "in cases of misdemeanor where the judgment has been affirmed, no proceedings need be had after filing the mandate, except to forfeit the recognizance of the defendant, or to issue a *capias* for the defendant, or an execution against his property to enforce the judgment of the court, whether of fine or imprisonment, or both, in the same manner as if no appeal had been taken." With regard to recognizances on appeal to the Court of Appeals, the general rule is provided that "the same proceedings be had in case of forfeiture as in other cases of recognizance."

2. **Same.**— **Judgment Nisi** to be valid must state that the same "will be made final unless good cause be shown at the next term of the court why the defendant did not appear;" and such, in this case, is the recital of the judgment *nisi.*

3. **Scire Facias — Estray Laws.**— One of the requisites of the writ of *scire facias* which is required to be served upon sureties in case of forfeiture is that it "shall state the date of such recognizance or bail bond, and the offense with which the principal is charged." The *scire facias* in this case denominates the offense charged against the principal as "unlawfully using an estray." This is not a description of the offense denounced by article 771 of the Penal Code. That offense is for "any person without complying with the laws regulating estrays" to "take up and use them." "Without complying with the laws regulating estrays" are words essential to the description of the statutory offense, and the defendant's objections to both the judgment *nisi* and the *scire facias,* based upon this ground, should have been sustained in the present case.

4. **Same — Final Judgment.**— Sickness of the principal at the time the forfeiture is had, if established, is a statutory and a good defense to a final judgment. In this case both sureties and principal, in obedience to *scire facias,* appeared and pleaded the sickness of the principal at the time of the forfeiture, as cause for his non-appearance, and announced their readiness for trial and to abide judgment. While the mere presence of the principal to stand trial is not sufficient cause for remission of the forfeiture, still, if he appears, and shows any of the causes enumerated, he is entitled to a trial, and the judgment cannot be made final.

5. SAME — SERVICE. — In civil cases the rule is that a judgment is not final unless the whole matter in controversy is finally disposed of as to all the parties. *Scire facias* cases, though criminal and not civil in their nature, are nevertheless subject in practice and procedure to the same rules as govern civil cases. One of the sureties in this case had never been served with *scire facias*, and did not appear and answer, and yet the judgment was rendered against appellants without a dismissal or discontinuance having been entered as to him. *Held*, error.

APPEAL from the County Court of Van Zandt. Tried below before the Hon. J. S. Spinks.

The opinion discloses the case.

*R. M. Lively* and *J. G. Kearby*, for appellants.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. With reference to the procedure in the lower courts after a determination of the appeal in the Court of Appeals, it is provided that "in cases of misdemeanor where the judgment has been affirmed no proceedings need be had after filing the mandate, except *to forfeit the recognizance* of the defendant or to issue a *capias* for the defendant, or an execution against his property, to enforce the judgment of the court, whether of fine or imprisonment or both, *in the same manner as if no appeal had been taken.*" (Code Crim. Proc., art. 875.) And again, with regard to recognizances on appeal to the Court of Appeals, the general rule is provided that "the same proceedings be had in case of forfeiture as in other cases of recognizance." (Code Crim. Proc., art. 852.)

1. In such a case, then, the judgment *nisi* to be valid must state "that the same will be made final unless good cause be shown at the next term of court why the defendant did not appear." (Code Crim. Proc., art. 441; *Collins* v. *The State*, 12 Texas Ct. App., 356; *Hart* v. *The State*, 13 Texas Ct. App., 556; *Fulton et al.* v. *The State*, 14 Texas Ct. App., 556; *Addison* v. *The State*, Id., 569.) This declaration or recital was expressly made in the judgment *nisi* rendered in this case, notwithstanding appellants' brief asserts the contrary.

2. One of the requisites of the citation or writ of *scire facias* which is required to be issued to and served upon the sureties in case of forfeiture is that "it shall state the date of such recognizance or bail bond and the offense with which the principal is charged." (Code Crim. Proc., art. 443.) In this case the *scire facias* denominated the offense with which the principal was charged as "unlawfully using an estray." This does not describe the offense which is denounced and punished by the law. (Penal Code, art. 771.) The

offense is for "any person without complying with the laws regulating estrays" to "take up and use" them. These words "without complying with the laws regulating estrays" are essential to a description of the statutory offense. (*Riviere et al.* v. *The State*, 7 Texas Ct. App., 56, and authorities there cited.) Appellants' objections both to the judgment *nisi* and the *scire facias* based upon this ground were well taken and should have been sustained.

Again, in obedience to the *scire facias* the sureties appeared and answered, as a reason why the judgment *nisi* should not be made final, that at the time the forfeiture was taken the sickness of their principal prevented his appearance at court, and at the same time the principal himself also appeared *in propria personæ* and stated the same facts, and offered to submit himself to and abide the judgment. This is one of the statutory defenses to such proceedings. (Code Crim. Proc., art. 452, sub-div. 3.) It is true that the mere fact that the accused is in court ready to stand his trial is not a sufficient cause for remission of forfeiture; but, if he appear and show any of the causes enumerated, he is entitled to a trial and the judgment cannot be made final. (*Barton* v. *The State*, 24 Texas, 250.) This is the rule before a trial of the principal on the information or indictment; but the rule is the same where he appears to answer a forfeiture on an appeal recognizance, that is, that his appearance to abide the judgment, showing a statutory cause for his non-appearance at the time of forfeiture, ought to and will exempt himself and sureties from liability to a rendition of final judgment. Sickness of the principal, if established, is a statutory and a good defense. (*Price* v. *The State*, 4 Texas Ct. App., 73.)

But again: One of the sureties, to wit, Mat Jackson, had never been served with the *scire facias*, and did not appear and answer the same, and the judgment was rendered against appellants without a dismissal or discontinuance of the case having been entered as to said Jackson. *Scire facias* cases, though criminal and not civil in their nature, are nevertheless subject in practice and procedure to the same rules as govern civil cases. (*Hart* v. *The State*, 13 Texas Ct. App., 555; Code Crim. Proc., arts. 891, 892, 893.) In civil cases the rule is that a judgment is not final unless the whole matter in controversy is finally disposed of as to all the parties. (*Martin* v. *Crow*, 28 Texas, 614; *Simpson* v. *Bennett*, 42 Texas, 241; White & Willson's Cond. R., §§ 24, 543.)

For the errors discussed, the judgment is reversed and the cause remanded.                                    *Reversed and remanded.*

[Opinion delivered December 10, 1884.]