## A. N. VAUGHAN ET AL. V. THE STATE.

Article 412 of the Code of Criminal Procedure reads as follows: "Sureties shall be entitled to notice by service of a citation, the length of time, and in the manner required in civil actions; and, if any surety fail to appear after such notice, and show sufficient cause for the non-attendance of the defendant, the judgment against him shall be made final, at any time after the expiration of the time allowed for answering in a civil suit." (Paschal's Dig., Art. 2883, Note 729.)  The mode of executing all service, where not otherwise directed by law, is prescribed by the 14th section of the act to regulate proceedings in the district court; and it is by delivering the defendant a copy of the writ and the petition accompanying it.   (Paschal's Dig., Art. 1433, Note 545.)

Where a scire facias alone was to be served upon two defendants, the return of the sheriff must show that a copy was delivered to "each" defendant.

Service of a scire facias upon the principal in a forfeited recognizance is not necessary; but a final judgment should be rendered against him as well as his sureties. (Paschal's Dig., Art. 2881, Note 727.)

APPEAL from Jefferson.  The case was tried before Hon. JAMES M. MAXCY, one of the district judges.

XXIX—18.

The question arose upon the insufficiency of service of the *scire facias*. The return read, * * * "and executed by delivering to defendants, J. W. Patridge and A. M. Vaughan, a certified copy of this writ." The judgment was by default. The judgment *nisi* was against the defendant, William Cribbs, and his sureties. The final judgment was against Vaughan and Patridge, the sureties alone. Cribbs was not served with a *scire facias*. Vaughan and Patridge appealed.

No briefs have been furnished to the *Reporter*.

DONLEY, J.—It is assigned for error, that there was no legal service on the defendants, Vaughan and Patridge, and that the court erred in rendering judgment in the absence of such notice.

The objection to the service it is believed is well founded. Article 412, Code of Criminal Procedure, requires that "Sureties (on a forfeited bond or recognizance) shall be entitled to notice by service of a citation, the length of time, and in the manner required in civil actions. And if any surety fail to appear after such notice, and show sufficient cause for the non-attendance of the defendant, the judgment against him shall be made final at any time after the expiration of the time allowed for answering in a civil suit."

Article 411, O. & W. Dig., provides, that "the sheriff or other officer receiving any process * * * shall execute the same, when not otherwise directed by the writ or citation, by delivering to the party or parties in person, upon whom he is required to serve it, a copy thereof," &c. The service in this case was "by delivering to defendants, J. W. Patridge and A. N. Vaughan, a certified copy of the writ." The service does not show that a copy was delivered to each defendant. There were two defendants. The record shows that but one copy was delivered. The service must

appear by the return of the officer.   And it must appear
by the return of the officer that he delivered a copy of the
writ to each defendant.   The court cannot supply omissions
in the return.    The word "each," following the name of
the appellant, Vaughan, in the return, it is believed, would
have cured this defect in the return of the sheriff.

The final judgment against appellants is not styled, as
the judgment *nisi* was entered against William Cribbs and
appellants..

Service of the•*scire facias* was not necessary to authorize
the rendering of final judgment against the principal.
(Code Crim. Pro., Art. 409.)   Yet judgments should be so
certain as not to leave any doubt as against whom execution
may issue.

For the insufficiency of the service of the *scire facias* in
this case judgment is reversed, and the cause

Remanded.