## JOHN A. PEACOCK ET AL. v. THE STATE.

BAIL BOND.—The sureties on a bail bond are relieved from liability by a second arrest and bail of their principal on the same indictment.

APPEAL from Titus.   Tried below before the Hon. James H. Rogers.

*Turner & Turner*, for appellants.

*A. J. Peeler, Assistant Attorney General*, for the State.

REEVES, ASSOCIATE JUSTICE.—Appellants assign for error the ruling of the District Court in rendering a final judgment against them as sureties for M. M. Miller on a forfeited bail bond.

It appears that Miller, who was indicted for an assault, executed the bond in question, with Turner and Peacock as his sureties.   The bond bears date September 27, 1871, and required Miller to appear before the District Court of Titus county on the second Monday in October, 1871, to answer the charge against him.   Miller having failed to appear at the March term, 1873, of the District Court, a judgment *nisi* was rendered against him and his sureties, Peacock and Turner, on the 17th March, 1873.   On the same day the court ordered an *alias capias* for Miller.   The *capias* was issued April 16, 1873, and was executed by the arrest of Miller on June 1, 1873, and by taking his appearance bond, with James Y. Bradfield and James M. Goolsby as sureties, to appear before the District Court and answer the charge for the same offense named in the bond on which appellants were sureties.   At the July term, 1873, of the court, Miller appeared, and on his answer the *nisi* judgment against him and his sureties, Peacock and Turner, taken at the previous term, was set aside.

On the 19th of March, 1874, Miller made default, and judgment *nisi* was taken against him and his securities,

Bradfield and Goolsby, on their bond of June 1, 1873, and also against Peacock and Turner, on their bond of September 27, 1871, and *scire facias* was issued.

At the November term, 1874, the judgment *nisi* against the sureties, Bradfield and Goolsby, was set aside, and their bond, which was held to be defective, was quashed. At the same time judgment final was rendered against Peacock and Turner, and they appealed.

The question in the case is, whether there was error in rendering this judgment against them or not.

It is contended for the State that the appellants were responsible for the appearance of Miller at the term of the court held in March, 1873, when their bond was forfeited. In support of this position attention has been directed to the terms of the bond. It appears from the bond that appellants bound themselves for the appearance of Miller, their principal, from day to day and from term to term of the court, and that he should not depart therefrom without the leave of the court.

The condition of the bond is broad enough to fix the liability of the sureties for Miller's appearance to answer the charge against him at the time the forfeiture was taken, and the sureties were bound by the bond unless the proceedings subsequent to the bond exonerated them from liability thereon.

If there had been a final judgment upon the forfeiture taken in March, 1873, against Turner and Peacock, on the bond of 1871, the penalty of the bond would thereby have become a debt due the State and which the State might have collected in the mode provided by law. But as this judgment was set aside on the application and answer of Miller, the question of the liability of the securities on the bond of 1871 depends upon other considerations. If the sureties were simply relieved from the consequences of the interlocutory judgment when it was set aside, and the sureties were thereby placed in the position occupied

by them before the judgment was entered, as it is insisted was the case, it becomes material to inquire what that position was.

So long as Miller was left in the custody of his bail, or was under their control, they were bound for his appearance and liable for the penalty of the bond for his non-appearance, according to the requirements of the bond. Any act done by the State or its officers under lawful authority that would deprive the securities of control over their principal would change the relation the parties sustained to each other, and their relation to the State, and would thereby release the sureties from their obligation. The judgment *nisi* against Turner and Peacock, rendered in March, 1873, and the issuance of the *capias* for the arrest of Miller, their principal, were acts inconsistent with any right in the bail to the custody of Miller; and when he was arrested and taken into custody by the sheriff the authority of the bail over him was at an end. The arrest being authorized by law, and the sheriff's custody being therefore legal, Miller could not have claimed exemption from the arrest by virtue of his bond, nor could his bail have interposed for him or for themselves, had they desired to do so, with any view to his discharge from the arrest by reason of their bond. Miller could only be released from the officer's custody by giving another bond. Another bond was given, and Miller's enlargement from custody was effected by the second bond, and the custody of the sheriff became the custody of the bail in the bond then exacted, and this was done without the agency of the bail on the first bond. If it be said that the second bond was set aside because it was defective, it may be answered that the sureties on the first bond cannot be held liable for that result. Miller was arrested under the same charge, and was in the custody of the sheriff just as he would have been if his bail had surrendered him and a sufficient bond should have been taken for his appearance. Besides,

Miller appeared in court after the second bond had been given, and he might then have been required to enter into recognizance if it had been made to appear to the court that his bond was defective. (Paschal's Dig., arts. 2887, 2889, 2898, 2900; Gay *v.* The State, 20 Tex., 507; The People *v.* Stager, 10 Wend., 437.)

We are of the opinion that the sureties on the first bond, who are the appellants in this case, were released when Miller, their principal, was arrested and taken into custody by the sheriff in June, 1873.

The judgment is therefore reversed and the case dismissed.

DISMISSED.