### C. W. COOPER v. THE STATE.

BAIL.—When the State, by its lawful authority, removes the accused from the control of his sureties, as by convicting him to the penitentiary, they are relieved from the operation of their bail-bond; and, in defence to *scire facias*, are entitled to allege and prove it as a good and legal reason why the judgment *nisi* should be vacated.

APPEAL from the District Court of Jack. Tried below before the Hon. J. R. FLEMING.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

ECTOR, P. J. This case is an appeal taken by C. W. Cooper on a judgment final rendered against him by the District Court of Jack County, on a forfeited bail-bond. It

appears that one Jim Pate, who was indicted for theft of cattle, executed the bond in question, with C. W. Cooper and James R. Callis as his sureties, to the sheriff of Parker County, on October 13, 1875, for the personal appearance of the said Pate at the next term of the District Court of Jack County, on the fourth Monday in October, 1875, to answer the charge.   Pate failed to appear at the May term, 1877, of the District Court of Jack County, and a judgment *nisi* was rendered against him and his sureties.   At the November term, 1877, of the court Cooper appeared, and, in answer to the *scire facias*, stated that the judgment *nisi* rendered against him on May 9, 1877, in the case of *The State of Texas* v. *Jim Pate*, set out in the *scire facias*, should not be made final, because Pate, the principal in the bond forfeited, had been regularly indicted, tried, and convicted of a felony in the District Court of Parker County, State of Texas, at its April term, 1876, for the term of two years, and that by virtue of the trial and conviction as aforesaid the said Pate was held under process of the District Court of Parker County, issued pursuant to the judgment aforesaid, and was by said process of law restrained of his liberty, and by such restraint was prevented from being in attendance upon the May term, A. D. 1877, of the District Court of Jack County, where the forfeiture was taken; wherefore appellant prayed that the forfeiture *nisi* be set aside, etc.

The court, after hearing said answer read, was of the opinion that it set up no legal or valid cause why the judgment *nisi* should not be made final, and refused to hear any evidence to sustain said answer, but proceeded at once to render a final judgment against Pate and Cooper on the bond.· Cooper excepted to this ruling, and has taken an appeal to this court.

We believe that the answer of appellant set up a good and legal cause why the judgment *nisi* should not be made

final, and that the court below should have allowed him to introduce evidence to sustain the allegations made in his answer.

Bail is the security given by a person accused of an offence that he will appear and answer before the proper court the accusation brought against him. Those who become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of the county where he is prosecuted. Bail, says Mr. Bouvier, are those persons who become sureties of the defendant in court. Again, he says, their powers over the defendant are very extensive, as they are supposed to have the custody of the defendant.

In the case of *Gay* v. *The State*, 20 Texas, 507, Mr. Justice Wheeler speaks of them as being " manucaptors of the defendant, — his jailers." When the State, under lawful authority, has deprived the securities of control over their principal, and placed it beyond their power to relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of Jack County, the State by its own act has changed their relation to the obligee in the bond. The trial and conviction of the principal in the bond for a felony, and his confinement by the State in pursuance of the judgment of conviction, were acts inconsistent with any rights in the bail to the custody of Pate.

In the case of *Peacock* v. *The State*, 44 Texas, 11, the Supreme Court decided that the sureties on a bail-bond are relieved by a second arrest and bail of their principal on the same indictment, even though the second bond was held defective and quashed. We make the following extract from that opinion : " So long as Miller was left in the custody of his bail, or was under their control, they were bound for his appearance, and liable for the penalty of the bond for his non-appearance. Any act done by the State or its officers, under lawful authority, that would deprive the securities of control over their principal, would change the

relation the parties sustained to each other and their relation to the State, and would thereby relieve the sureties from their obligation."

In the State of Tennessee, where the governor of one State, on the demand of the governor of another State, surrendered a person who had been previously arrested for murder in the former State, and bound over, and who was on bail at the time of the demand made, it was held that the delivery of him by the former State to the constituted authorities of the latter discharged the bail from his recognizance. *The State* v. *Allen*, 2 Humph. 258. See also *Canby* v. *Griffin*, 3 Harr. 333; *The People* v. *Stager*, 10 Wend. 437.

The judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*