[No. 1829.]

## JEFF LINDLEY AND OTHERS *v.* THE STATE.

1. SCIRE FACIAS — PRACTICE.— *Scire facias* is insufficient as a citation if, 1, it fails to recite the presentment of an indictment (or complaint or information); 2, if it fails to recite the issuance of a *capias;* 3, if it fails to recite the arrest of the defendant; 4, if it fails to recite the execution of the bond or recognizance; 5, if it fails to recite the conditions of the bond or recognizance; 6, if it fails to recite the breach of such conditions; and 7, if it fails to recite the entry of judgment *nisi.* The *scire facias* in this case failing in all of these particulars, the defendant's demurrer to the same should have been sustained.

2. SAME. — JUDGMENT NISI must show that the forfeiture was taken as required by law, and must state that the same "will be made final unless good cause be shown at the next term of the court why the defendant did not appear." Failing in this, the judgment *nisi* in this case was bad on general demurrer.

3. BAIL BOND. — LIABILITY OF SURETIES on a bail bond expires with a second arrest and bail of their principal on the same indictment.

ERROR from the District Court of Hopkins. Tried below before the Hon. G. J. Clark.

This writ of error is prosecuted from the forfeiture of the recognizance of Jeff Lindley, bailed under an indictment for theft of a mule. The bond and judgment were for $700.

*J. A. B. Putman*, for plaintiffs in error.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This is an appeal from a judgment final upon a forfeited recognizance. Lindley entered into recognizance in the district court of Hopkins county on the 5th day of September, 1881, with Reddin Crisp and B. W. Lindley as his sureties, in the sum of $700, conditioned for his appearance to answer a charge by indictment of theft of a mule. At the succeeding term of court, to wit, on the 27th day of February, 1882, defendant not appearing, his recognizance was declared forfeited and *scire facias* ordered to the sureties.

After service the sureties appeared and pleaded, 1, general demurrer to the writ of *scire facias;* 2, exceptions to the judgment *nisi;* 3, general denial, and a special answer setting forth that subsequently to the entering into the recognizance, defendant, Jeff Lindley, made his appearance in the district court and was tried and convicted upon the indictment for theft of the mule, and that he appealed from the judgment and sentence to the court of appeals,— the defendant remaining in the county jail of Hopkins county pending his appeal. That the judgment against him was reversed by the court of appeals, and afterwards, to wit, on the 23d day of December, 1881, said defendant Jeff Lindley was released from custody by the sheriff of Hopkins county upon his giving a new bail bond in the sum of $1,000.

They also alleged that the sheriff, after the case had been reversed in the court of appeals, refused to release defendant upon his said recognizance upon which they were his sureties, but required him to execute a new bail bond, which he did, and they claimed that on account of these acts and facts they became and are entirely released from all or any further liability on said recognizance from and after the 9th day of September, 1881, the day upon which their principal, Jeff Lindley, announced ready for trial and went to trial on the indictment for theft of a mule; that since that time he has been in the hands of the sheriff until he was released by said sheriff

upon a new bail bond. The State demurred generally to this special answer. Defendants' general demurrer to the *scire facias* and exceptions to the judgment *nisi* were overruled, and the State's general demurrer to defendants' special answer was sustained.

The first error assigned is the overruling defendants' demurrer to the writ of *scire facias*, because the same did not contain the requisites of a citation. This objection is sustained by inspection of the writ of *scire facias*. It is fatally defective in several particulars. 1st. It fails to recite the presentment of an indictment; 2d, the issuance of a *capias;* 3d, the arrest of defendant; 4th, the execution of or entering into the recognizance; 5th, the conditions of the same; 6th, the breach of the conditions; and 7th, the entry of the judgment *nisi* — all of which matters are essential to a valid writ of *scire facias*. (*Pearson* v. *The State*, 7 Texas Ct. App., 280; *Houston et als.* v. *The State*, 13 Texas Ct. App., 560; *Cowen* v. *The State*, 3 Texas Ct. App., 380.)

Again: the court erred in overruling defendants' demurrer to the judgment *nisi*. A judgment *nisi* must show that the forfeiture was taken as required by law, and must state that the same "will be made final unless good cause be shown at the next term of the court why the defendant did not appear." (*Collins* v. *The State*, 12 Texas Ct. App., 356; *Mc Whorter* v. *The State*, 14 Texas Ct. App., 239.)

An error was also committed by the court in sustaining the demurrer of the State to defendants' special answer. This answer most assuredly presented a good defense to the State's right of action on the recognizance, if the allegations were true, and for the purposes of the demurrer they must be taken as true. The precise question raised by the answer was decided by our supreme court in the case of *Peacock* v. *The State*, 44 Texas, 11, and it was in that case held that "the sureties on a bail bond are released from liability by a second arrest and bail of their principal, on the same indictment." Defendants were entitled to plead and, if possible, substantiate the facts pleaded, by evidence, and the demurrer was improperly sustained.

Several other errors are complained of by appellants, but we have pointed out the most material. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered November 12, 1884.]