## No. 5612.

### GEORGE LEE, JOSEPH SCHMIDT AND CHARLES PARROTT *v.* THE STATE.

1. SCIRE FACIAS—LIABILITY OF SURETIES.—The surrender or arrest of the principal in a forfeited bond *after* the rendition of judgment *ni si* will not release the sureties from their liability on the bail bond or recognizance.
2. SAME—PRACTICE.—The trial court is authorized, under the provisions of article 445 of the Code of Criminal Procedure, to remit, either in whole or in part, the penalty specified in the bond of recognizance if, before final judgment against the bail, the principal either appears or is arrested and placed in jail.
3. SAME.—The validity of the indictment against the principal can not be questioned by the sureties in an action against them to enforce the penalty of the bail bond or recognizance.

APPEAL from the District Court of Lamar. Tried below before the Hon. D. H. Scott.

The opinion states the case. The amount of the bond was five hundred dollars. The amount adjudged against the appellants was fifty dollars.

*Hale & Hale*, for the appellants.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Lee was indicted for forgery, and Schmidt and Parrott were sureties on his recognizance, the amount of which was five hundred dollars. Judgment *ni si* was taken on October 22, 1886. On October 25 Lee surrendered himself to the sheriff, was placed in jail, and in November, 1886, was tried and convicted.

Schmidt and Parrott answered the scire facias, first, the surrender and conviction of their principal. The surrender to the sheriff, being after the judgment *ni si*, presents no reason why the judgment *ni si* should not be made final. If before the judgment *ni si* the principal be arrested on the same indictment his sureties will be discharged; but if the arrest be after the judgment *ni si* the sureties will not be discharged because of such arrest. In Peacock's case, 44 Texas, 11, and in Lindsey's case, 17 Texas Court of Appeals, 120, the arrests were before the judgment *ni si*. It would be a very strange doctrine, indeed, to hold that the issuance of, and an arrest under, an alias capias would be ground for setting aside the judgment *ni si*. Second ground : That there is no authority for rendering judgment for fifty dollars; that the judgment must be for the five hundred dollars, or no amount at all. This proposition is met by article 455 of the Code of Criminal Procedure, and Barton's case, 44 Texas, 251. Third ground: As the indictment against Lee alleged the forgery to have been committed at a date subsequent to the date of the filing of the indictment, it was fatally defective and the district court had no jurisdiction of the case of forgery; that is, the jurisdiction of the court had not attached to the particular case. This proposition can be conceded, yet it does not follow that the court did not have jurisdiction of the suit upon the recognizance. Let us suppose that Lee had responded as required by his recognizance. The district attorney may have discovered the defect in the indictment and obtained an order placing him in custody until a sufficient indictment could be presented. Hence one reason of the rule that the parties to the bond or recognizance will not be permitted to urge the insufficiency of the indictment to defeat their liability. But this is now the well settled rule. (The State v. Cox et al., 25 Texas, 404; The State v. Ake, 41 Texas, 166; Brown vs. The State, 6

Texas Ct. App., 188; Jones v. The State, 15 Texas Ct. App., 82.) There being no error in the judgment it is affirmed.

*Affirmed.*

Opinion delivered April 11, 1888.