## Wyatt Williams et al. v. The State.

### No. 3704. Decided February 20, 1907.

**1.—Bail Bond—Statutes Construed—Judgment.**

Under article 491, Code Criminal Procedure, the court is authorized to enter a judgment against the principal in a different sum from that entered against the sureties, provided the judgment is so framed that the entire amount recovered is not in excess of the penal sum fixed by the bond.

**2.—Same—Bond More Onerous Than the Statutes—Statutes Construed—Misdemeanor.**

Articles 303–309, inclusive, Code Criminal Procedure, do not require the personal appearance of the principal in a bail bond; and under articles 633 and 634, Code Criminal Procedure, the principal may appear by counsel and is not required to make his personal appearance. Held, that in a prosecution for a misdemeanor where the bail bond required the personal appearance of defendant, the same was more onerous than the law required.

Appeal from the County Court of Eastland. Tried below before the Hon. Chas. D. Spann.

Appeal from a judgment final against appellant and his sureties on forfeited bail bond.

The opinion states the case..

*D. G. Hunt* and *Earl Conner*, for plaintiffs in error.—The first assignment and the proposition thereunder calls for a construction of the final judgment of the lower court—Is there a separate judgment for $500 against Wyatt Williams, and a separate judgment against the sureties for $100 each? Ishmael v. State, 41 Texas, 244; Conner v. State,

30 Texas, 94; Sass v. State, 8 Texas Crim. App., 426; Thomas v. State, 13 Texas Crim. App., 497.

The plaintiff in error, Wyatt Williams, entered into an appearance bond which required his "personal" appearance before the county court. The case originated in the county court, and was not an appeal case from the justice court. The appearance bond contains the following clause: "Now if the said Wyatt Williams shall well and truly make his personal appearance before the said court at its next regular term, etc." This is a bail bond and not an appeal bond. White's Code Crim. Proc., arts. 303, 305 and 309; White's Penal Code., art. 291; Watson v. State, 20 Texas Crim. App., 382; Turner v. State, 14 Texas Crim. App., 168; Nichols v. State, 11 Texas Ct. Rep., 838; Bryant v. State, 1 Texas Ct. Rep., 95; Robertson v. State, 9 Texas Ct. Rep., 243.

We respectfully submit that the act of 1901, pages 291-2, as cited by this court in its opinion has no application whatever to the question presented in the second and third assignments of error and the propositions thereunder. Prior to the passage of the act as cited by the court exactly the same requirements existed as to the appearance of the principal obligor in recognizances, appeal bonds, and bail bonds in misdemeanor cases. They still exist, except as to appeal bonds. Article 303, Code Criminal Procedure..

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This appeal is from a final judgment on a bail bond. The record contains no statement of facts. There are two questions raised by the record. (1) That the bond was for $500, and that the judgment of the court below is against the principal for $500, and the sureties for $100 jointly and severally. Under article 491, Code Criminal Procedure, the court was authorized to enter this judgment.

(2) The second ground urged by plaintiff is that the bond is more onerous than the law requires. He contends that the bond requires the personal appearance of the defendant, and that in a misdemeanor case his personal appearance is not required, that is the bond required the defendant to personally appear before the court, the plaintiff insisting that the word "personal" in the bond made it more onerous than the law required. We do not think this objection is tenable, acts of 1901, p. 291-2. The bond under that law requires personal appearance before the court, etc. Here we have the bond worded as follows: "Make his personal appearance before said court." The cases cited by appellant are under the old law and only apply to appeals from justice courts. Finding no error in the record, same is hereby in all things affirmed.

*Affirmed.*

ON REHEARING.

March 22, 1907.

BROOKS, JUDGE.—This case was affirmed at a former day of this term, and now comes before us on rehearing. Plaintiffs in error insist

that the terms of the judgment final demand the payment of $500 by Wyatt Williams, as principal, and $100 by the sureties, W. C. McGough and A. C. Williams. In our opinion the judgment should be reformed, so as to provide for the payment of $500 by Wyatt Williams, and all costs; and that the sureties, W. C. McGough and A. C. Williams, shall pay $100, and all costs. Provided, that if Wyatt Williams, shall pay the sum of $500, and all costs, the sureties W. C. McGough and A. C. Williams, shall be discharged from any further liability on the judgment. And provided that if Wyatt Williams does not pay the $500, and the said sureties pay the $100 and all costs, they shall be discharged from all further liability.

The motion for rehearing is granted, and the judgment is reformed and affirmed.

*Reformed and affirmed.*

Davidson, Presiding Judge, absent.

### ON MOTION FOR REHEARING.

#### June 27, 1907.

DAVIDSON, Presiding Judge.—The judgment in this case was reformed, and as reformed affirmed at the recent Dallas Term of this court. The writer was absent, as shown by the opinion, at the time of this reformation and affirmance, and did not, therefore, participate in the decision. Since the rendition of that opinion motion for rehearing has been presented and discussed by counsel, alleging grounds why the judgment should be reversed. The main proposition is that the bond is more onerous than the statute authorizes and, therefore, cannot afford basis of forfeiture. From the record it appears that Wyatt Williams, the principal in the bond, was charged with a compounding crime; that is, compounding misdemeanor, which misdemeanor is punishable by fine not less than $100 nor more than $1,000. See Penal Code, article 291. He gave bond in the sum of $200 conditioned as follows: "Now, if the said Wyatt Williams shall well and truly make his personal appearance before the said court at its next regular term," etc., the contention being, as stated, that the law does not require a bond in such case to be conditioned for the *personal* appearance of the accused. See articles 303 to 309, Code Criminal Procedure, inclusive, as to the requisites of bail bond. An inspection of these articles fails to show that they require the *personal* appearance, but merely demands the appearance of the principal. In misdemeanor cases where the party is only punishable by fine, the principal is not required to make his personal appearance; that is, he may appear by counsel. See articles 633 and 634, Code Criminal Procedure. It would seem to follow, therefore, that the bond was more onerous, in requiring the personal appearance of the accused, in cases of misdemeanor punishable by fine only, than the law requires. This being true, a forfeiture, it would seem, would not be authorized. See Neaves v. State, 4 Texas Crim. App., 1; Turner v. State, 14 Texas

Crim. App., 168; Page v. State, 9 Texas Crim. App., 466, and Watson v. State, 20 Texas Crim. App., 382. From the cited cases the principle appears to be established in the criminal jurisprudence of Texas that where the bond is more onerous than the statute requires, or authorizes, it is void. The law authorizing appellant to appear in person or by counsel, in misdemeanor cases, punishable by fine only, we regard as a limitation or qualification upon the general statute in regard to the requisites of appearance bonds, and should be so read and construed; that is, where the party may appear by counsel, the terms of the bond would be more onerous than the law requires when it stipulates that the accused shall make his personal appearance. We are of opinion, therefore, that the bond was more onerous than the law requires in this class of cases.

· The motion for rehearing is granted, the judgment reversed, and the prosecution is ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.