Jack Smith et al., Plaintiff in Error, v. The State of Texas, Defendant in Error.

Nos. 12321, 12324, 12325, 12326.   Delivered March 6, 1929.
Nos. 12321, 12324, 12325, 12326.   Rehearing denied June 5, 1929.

*W. T. Williams* of Austin, for plaintiff in error.

*A. A. Dawson* of Canton, State's Attorney, for defendant in error.

MARTIN, JUDGE.—A bond forfeiture judgment was entered by the District Court of Galveston County against plaintiffs in error and is before this Court for review. The law questions and the record are practically identical with those in Cause No. 12313, Louise Magless et al. v. State of Texas, this day decided, and reference is made to the opinion in said cause for questions involved. The law questions presented are such as are raised for the first time on appeal and cannot be considered, except the assignment of error questioning the rendition of a final judgment drawing six per cent interest against plaintiffs in error. It was decided in Cause No. 12313, above mentioned, that such a judgment could not be made to bear interest.

There being no reversible errors in the record, the judgment herein is so reformed as to exclude interest and as reformed will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—From the statement of facts it appears that on the 6th day of July, 1927, Jack Smith was indicted in the District Court of Galveston County for a felony; that he was arrested and released on bond. In the bond Jack Smith, as principal, and John Lockwood and John M. Jones as sureties, were bound in the penal sum of $500.00, conditioned upon the appearance of Jack Smith to answer the indictment in cause No. 20440. The forfeiture of the bond was shown by the judgment nisi entered the 13th day of October, 1927, whereupon alias capias was issued on the 19th day of October, and executed by the arrest of Jack Smith. On the 5th day of May, 1928, final judgment was entered against Jack Smith, as principal, and John Lockwood and John M. Jones as sureties, jointly and severally, in the sum of $500.00. ·John Lockwood and John M. Jones appeared by answer duly filed, waived a jury and submitted the matters of fact, as well as of law, to the court.

The judgment is attacked upon several grounds. Among them are the following: That there is a variance between the scire facias and the indictment in that the offense is described in the scire facias as *"burglary in the nighttime, a felony"*; while in the indictment the

elements of the offense of burglary are set out in accord with the statutory requirements. The point we think is not well taken. The bond follows the statute, reciting that Jack Smith was charged with "a felony," which complies with Art. 273, C. C. P., 1925. The scire facias, in describing the offense, follows the bond to that extent, namely, "that Jack Smith was charged with *a felony.*" The words "burglary in the nighttime" were immaterial and may be treated as surplusage in the proceeding and constitute no material variance. Barrett v. State, 151 S. W. Rep. 558.

In the bond the principal and sureties are bound jointly and severally in the penal sum of $500.00. In the judgment nisi there was rendered against Jack Smith, as principal, the sum of $500.00; and in like manner that the State of Texas do have and recover from John Lockwood and John M. Jones, as sureties, the sum of $500.00. In the scire facias it is declared that the State recover from Jack Smith as principal the sum of $500.00 and from John Lockwood and John M. Jones, as sureties, the sum of $500.00 each. The final judgment is against Jack Smith, as principal, and John Lockwood and John M. Jones, as sureties, jointly and severally, in the sum of $500.00. If the discrepancies in the description of the obligation are deemed material, (which we do not decide) as presented in the present record, they are not available to annul the judgment rendered. Of the correctness of the final judgment there can be no question. It accords with the bond and the judgment nisi. The final judgment is not upon the default of the sureties but upon the answer filed. The point of variance between the scire facias and the judgment nisi would be considered waived on appeal in the absence of objection made upon the trial and complaint of the adverse ruling made by bill of exceptions. In addition to the precedents cited in the original opinion, reference is made to Day v. State, 51 Tex. Crim. Rep. 304; Lewis v. State, 39 S. W. Rep. 570.

Referring to certain articles of the Code of Criminal Procedure and the decisions interpreting them, appellant announces the following proposition:

"Where a statute requires the issuance of an alias capias for the arrest of the principal in a bail bond immediately after the entry of judgment nisi and further provides that upon the re-arrest of such principal, the sureties on the bond forfeited in such judgment nisi are thereby released from liability on such bond, and it is affirmatively shown by all of the evidence on the point that such alias capias was in fact issued and that the defendant principal was in

fact re-arrested by virtue thereof after judgment nisi and before final judgment, such bond thereby became functus officio and is insufficient to support a final judgment."

Reference is made to Articles 445 and 446, C. C. P., which articles read respectively as follows:

"Where a forfeiture is declared upon a recognizance or bail bond, a capias shall be immediately issued for the arrest of the defendant, and when arrested, he shall be required to enter into a new recognizance or bail bond, unless the forfeiture taken has been set aside under the third subdivision of. article 436, in which case the defendant and his sureties shall remain bound under his present recognizance or bail bond."

"When a defendant who has been arrested for a felony under a capias has previously given bail to answer said charge, his sureties shall be released by such arrest, and he shall be required to give new bail."

In Art. 436, C. C. P., it is said:

"The following causes, and no other, will exonerate the defendant and his sureties from liability upon the forfeiture taken:

The enumeration is in substance as follows:

(1)   That the recognizance or bail bond is void.

(2)   Death of the principal before the forfeiture was taken.

(3)   Sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, not due to the fault of the principal, conditioned that the principal appear before final judgment to answer the accusation and show sufficient cause for his default.

(4)   Failure to present an indictment at the first term after the principal is admitted to bail.

The soundness of the proposition must be tested by the facts to which it is to be applied. The date of the indictment and arrest was July 6th, that of the bond July 30th, of the judgment nisi October 13th, and of the scire facias October 19th. It appears that the judgment nisi was antecedent to the second arrest. That fact distinguishes this from the cases upon which reliance is had by the appellant to sustain his contention. The cases nearest in point in his favor are Peacock v. State, 44 Tex. Rep. 11, and Lindsey v. State, 17 Tex. Crim. App. 120. In each case the judgment nisi was set aside while the accused was in custody after default and re-arrest and was subsequently released upon a new bond with different sureties. The court held that the sureties on the first bond were not liable

for the reason that they were released by the order of the court annulling the judgment nisi, while the accused was in custody under his second arrest. Judge Hurt, in the opinion from which the quotation is taken in the original opinion, used the following additional language:

"If before the judgment nisi the principal be arrested on the same indictment his sureties will be discharged; but if the arrest be after the judgment nisi the sureties will not be discharged because of such arrest. In Peacock's case, 44 Texas, 11, and in Lindsey's case, 17 Texas Court of Appeals, 120, the *arrests were before the judgment nisi.* It would be a very strange doctrine, indeed, to hold that the issuance of, and an arrest under, an alias capias would be ground for setting aside the judgment nisi."

In Brown's case, 28 Tex. Crim. App. 65, in passing upon the exact point the proposition was held untenable unless the principal was exonerated for his absence which resulted in the forfeiture upon the condition set forth in subdivision 3 of Art. 436, supra. In both the Peacock case and the Lindsey case the sureties were excused for the first default of their principal by the annullment of the judgment nisi. In Sanders v. State, 70 Tex. Crim. Rep. 532, the statute construed was Art. 818, C. C. P., which authorizes a bond or recognizance pending appeal, the purpose and effect of which bond is to obligate one who appeals from the judgment of the trial court to the Court of Criminal Appeals to abide the judgment of the said Court of Criminal Appeals. Upon the reversal of the judgment from which the appeal is taken the obligation is performed and the bond is not further effective. That the announcement in that case is inapplicable in the present seems obvious. Foster's case, 38 Tex. Crim. Rep. 372, is clearly distinguished from the present by the facts. See Williamson v. State, 150 S. W. Rep. 892. Arts. 439 and 440 are properly to be considered in connection with Arts. 436, 445 and 446. Art. 440 may be said to elaborate subd. 3 of Art. 436 in that in Art. 440 the procedure by which the exoneration is provided in subd. 3, supra, is in a measure set forth. Art. 439 confers upon the district judge broad discretion in the matter of protecting the principal and sureties against injustice when by its terms it says:

"If, before final judgment is entered against the bail, the principal appear or be arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond or recognizance."

In the consideration of the record this court is privileged to consider only those matters which are fundamental. Questions of practice which are not of the nature mentioned are not available for review unless the rulings of the court of which complaint is made be preserved and presented by bills of exceptions. Day v. State, 51 Tex. Crim. Rep. 304; Corpus Juris, Vol. 6, p. 1076; sec. 378; and page 1073, sec. 367; also Lewis v. State, 39 S. W. Rep. 570.

The motion for rehearing is overruled.

*Overruled.*

No. 12324.

CHRISTIAN, JUDGE.—This case is before us on a writ of error. Review of a final judgment forfeiting an appearance bond is sought.

For a discussion of the questions presented by the record herein see Opinion Number 12313, Louise Magless et al. v. State of Texas, opinion rendered March 6th, 1929, and not yet reported. Practically the same questions being involved as were presented in the case referred to, the judgment here must also be affirmed. The judgment of the court below is reformed so as to bear no interest.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Part of the issues in the present case are the same as those before the court in the case of Jack Smith, et al. v. State, No. 12321, and discussed in the opinion on motion for rehearing. Upon the reason and authorities there set forth the motion for rehearing is overruled.

No. 12325.

MARTIN, JUDGE.—A bond forfeiture judgment was entered by the District Court of Galveston County against plaintiffs in error and is before this Court for review. The law questions and the record are practically identical with those in Cause No. 12313, Louise Magless et al. v. State of Texas, this day decided, and reference is made to the opinion in said cause for questions involved. The law questions presented are such as are raised for the first time on appeal and cannot be considered, except the assignment of error

questioning the rendition of a final judgment drawing six per cent interest against plaintiffs in error. It was decided in Cause No. 12313, above mentioned, that such a judgment could not be made to bear interest.

There being no reversible errors in the record, the judgment herein is so reformed as to exclude interest and as reformed will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

##### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The facts present the same legal questions as those discussed in the opinion on motion for rehearing in the case of Jack Smith, et al. v. State, No. 12321, and are controlled by the same legal principles. Upon the reason and authorities there set forth, the motion for rehearing is overruled.

*Overruled.*

### No. 12326.

CHRISTIAN, JUDGE.—This case is before us on a writ of error. Review of a final judgment forfeiting an appearance bond is sought.

For a discussion of the questions presented by the record herein see Opinion Number 12313, Louise Magless et al. v. State of Texas, opinion rendered March 6th, 1929, and not yet reported. Practically the same questions being involved as were presented in the case referred to, the judgment here must also be affirmed. The judgment of the court below is reformed so as to bear no interest.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

##### ON MOTION FOR REHEARING.

The facts present the same legal questions as those discussed in the opinion on motion for rehearing in the case of Jack Smith, et al. v. State, No. 12321, and are controlled by the same legal principles. Upon the reason and authorities there set forth, the motion for rehearing is overruled.

*Overruled.*