In Brown's Case, 28 Tex. App. 65, 11 S. W. 1022, in passing upon the exact point, the proposition was held untenable, unless the principal was exonerated for his absence, which resulted in the forfeiture upon the conditions set forth in subdivision 3 of article 436, supra. In both the Peacock Case and the Lindley Case the sureties were excused for the first default of their principal by the annulment of the judgment nisi. In Sanders v. State, 70 Tex. Cr. R. 532, 158 S. W. 291, the statute construed was article 818, C. C. P., which authorizes a bond or recognizance pending appeal, the purpose and effect of which bond is to obligate one who appeals from the judgment of the trial court to the Court of Criminal Appeals to abide the judgment of the said Court of Criminal Appeals. Upon the reversal of the judgment from which the appeal is taken the obligation is performed, and the bond is not further effective. That the announcement in that case is inapplicable in the present seems obvious. Foster's Case, 38 Tex. Cr. R. 372, 43 S. W. 80, is clearly distinguished from the present by the facts. See Williamson v. State, 68 Tex. Cr. R. 53, 150 S. W. 892. Articles 439 and 440 are properly to be considered in connection with articles 436, 445 and 446. Article 440 may be said to elaborate subdivision 3 of article 436, in that in article 440 the procedure by which the exoneration is provided in subdivision 3, supra, is in a measure set forth.

Article 439 confers upon the district judge broad discretion in the matter of protecting the principal and sureties against injustice when by its terms it says: "If, before final judgment is entered against the bail, the principal appear or be arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond or recognizance."

In the consideration of the record this court is privileged to consider only those matters which are fundamental. Questions of practice which are not of the nature mentioned are not available for review, unless the rulings of the court of which complaint is made be preserved and presented by bills of exceptions. Day v. State, 51 Tex. Cr. R. 324, 101 S. W. 806; 6 Corpus Juris, p. 1076, § 378, and p. 1073, § 367; also Lewis v. State (Tex. Cr. App.) 39 S. W. 570.

The motion for rehearing is overruled.

Jack SMITH et al., Plaintiffs in Error, v. STATE of Texas, Defendant in Error.
(No. 12324.)

Court of Criminal Appeals of Texas.
March 6, 1929.

Rehearing Denied June 5, 1929.

W. T. Williams, of Austin, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. This case is before us on a writ of error. Review of a final judgment forfeiting an appearance bond is sought.

For a discussion of the questions presented by the record herein, see opinion No. 12313, Louise Magless et al. v. State of Texas, 18 S.W.(2d) 669, opinion rendered March 6, 1929, and not yet [officially] reported. Practically the same questions being involved as were presented in the case referred to, the judgment here must also be affirmed. The judgment of the court below is reformed, so as to bear no interest.

As reformed, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J. Part of the issues in the present case are the same as those before the court in the case of Jack Smith et al. v. State (No. 12321) 18 S.W.(2d) 672, and discussed in the opinion on motion for rehearing. Upon the reason and authorities there set forth, the motion for rehearing is overruled.