**MOUTAS et al. v. BRYSON.**

No. 9896.

Court of Civil Appeals of Texas. Austin.

June 21, 1950.

Rehearing Denied July 26, 1950.

Davenport & Davenport, Wm. E. Davenport, all of San Angelo, for appellant.

O'Neal Dendy, of San Angelo, for appellee.

GRAY, Justice.

On March 27, 1947, the 119th District Court of Tom Green County entered a judgment nisi on an appeal bond given by Mel Taylor, as principal, and Gust Moutas and P. B. Wilson, as sureties. The bond was in the penal sum of $1,5000 and conditioned that Mel Taylor would appear before the 119th District Court, etc., in order to abide the judgment of the Court of Criminal Appeals, etc.

On April 9, 1948, the 119th District Court rendered judgment reciting that the cause came on for trial, the State appeared by its District Attorney, and the defendants, Mel Taylor, Gust Moutas and P. B. Wilson, appeared by their attorney of record, Wm. E. Davenport, and further recited: " * * * and it appearing to the court, after consideration of the pleadings and the evidence herein that no legal excuse is existant why the defendant, Mel Taylor, did not appear before this court from day to day * * *; and that the judgment nisi heretofore rendered herein against the said defendant, Mel Taylor, as principal, and against the said Gust Moutas and P. B. Wilson, as sureties on the appeal bond of the said Mel Taylor should be made final."

The judgment adjudged that the State of Texas do have and recover of and from the said Mel Taylor, Gust Moutas and P. B. Wilson, jointly and severally, the sum of $1,000 and costs of suit.

On February 3, 1950, Gust Moutas and P. B. Wilson filed this suit in the 119th District Court and alleged that execution had been issued on the above judgment; that the same had been placed in the hands of J. F. Bryson, Sheriff of Tom Green County, and that he was threatening to levy said execution upon their property. They alleged the judgment for $1,000 is void: (1) because it is not based on any $1,000 bond, and (2) because the judgement nisi is for $1,500. Their prayer is that the Sheriff be restrained from levying upon and selling their property.

A trial was had on this petition and from an adverse judgment Gust Moutas and P. B. Wilson have appealed.

The one point presented here is to the effect that the trial court erred in refusing injunctive relief because there is a fatal variance between the scirae facias writ which specified the sum of $1,500 and the final judgment for $1,000.

The record is before us without any showing as to why the trial court rendered a judgment for $1,000, except that the judgment recites that the court considered the pleadings and the evidence. There is no statement of facts in this cause, but the record contains the following stipulation:

"The following stipulation and agreement made and entered into in open court in the trial of this case:

"It was agreed that the formalities of calling the defendant's name three times from the court house door had been complied with, that he did not answer, that the following instruments be concluded in the transcript; indictment in cause No. 4627-B appeal bond, judgment of conviction, mandate, capias and return, and the judgment nisi in said No. 4627-B, that no oral testimony was heard, and that said instruments were introduced subject to the filed pleadings."

The instruments mentioned in the stipulation were brought forward in the transcript.

The trial court had jurisdiction to render the judgment it did render, and it is not made to appear that there did not exist evidence before the court authorizing the rendition of a judgment for an amount less than that specified in the appeal bond and judgment nisi. In this state of the record we are unable to say the judgment is void and the presumption is in favor of its validity. DeArment v. DeArment, Tex. Civ.App., 249 S.W. 1088. The rendition of judgment for an amount less than that specified in the bond is authorized by Articles 436 and 439, Vernon's Ann. Code of Cr. Procedure; Williams v. State, 51 Tex. Cr.R. 252, 103 S.W. 929; Burgemeister v. Anderson, 113 Tex. 495, 259 S.W. 1078; Woods v. State, 51 Tex.Cr.R. 595, 103 S.W. 895; 5 Tex.Jur., secs. 73-74, pp. 933-935.

The judgment forfeiting the appeal bond not being void, the action of the trial court denying appellants injunctive relief was proper. Fleming v. Bonine, Tex.Civ.App., 204 S.W. 364.

The judgment of the trial court is affirmed.

Affirmed.