Myrph **JOHNSON** et al., Appellants,

v.

**STATE** of Texas, Appellee.

No. 33266.

Court of Criminal Appeals of Texas.

May 3, 1961.

On Motion for Rehearing June 14, 1961.

On Second Motion for Rehearing
Nov. 22, 1961.

Further Rehearing Denied Jan. 17, 1962.
Certiorari Denied Oct. 8, 1962.
See 83 S.Ct. 20.

Irwin & Irwin, T. K. Irwin, Jr., George W. Irwin, R. T. Scales, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., James M. Williamson, Asst. Dist. Atty., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal by Myrph Johnson and his sureties from the final judgment of the County Criminal Court of Dallas County upon a forfeiture of an instanter appearance bond.

Upon the hearing of the judgment final the information charging the offense of driving while intoxicated, the instanter appearance bond in the sum of $750 and the judgment nisi were introduced in evidence and they appear to be regular and valid. This evidence sufficiently established the state's case.

It is contended that the trial court erred in holding that under the circumstances shown by the record it did not "possess authority or discretion to render judgment against the sureties for less than the full amount of the appearance bond" at the time it rendered final judgment and at such time refused to determine the re-

quest for a remission of the whole or part of the bond.

The evidence shows that after the entry of the judgment nisi and before entry of final judgment the principal appeared in said court, was tried and convicted, and at the time of the hearing to make the judgment final, was serving time in the county jail.

Formal Bill of Exception No. 2 recites:

"It is the opinion and ruling of the court as a matter of law, that under the circumstances shown by the evidence and testimony and the findings of this court, *that the court does not possess authority or discretion to render judgment against the sureties for less than the full amount of the appearance bond.*" (Emphasis added.)

Art. 439, C.C.P., provides:

"If, before final judgment is entered against the bail, the principal appear or be arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond or recognizance."

Smith v. State, 112 Tex.Cr.R. 567, 18 S.W.2d 672, 674, 675, in part, reads:

"Article 439 confers upon the district judge broad discretion in the matter of protecting the principal and sureties against injustice." See also: 8 Tex.Jur.2d 218, Sec. 94.

In Burgemeister v. Anderson, 113 Tex. 495, 259 S.W. 1078, 1079, the Supreme Court of Texas said:

"Article 503 (now Art. 439, C.C.P.) of the Code granted statutory authority to the court to remit the whole or part of the sum specified in the bail bond upon proof of the averment in relator's motion that she had appeared and answered the indictment before the judgment nisi had been made final. *On these and the other averments of*

*her motion she was entitled to an adjudication from the court."* (Emphasis added.)

■ When judgment nisi has been entered and the conditions provided for in Art. 439, C.C.P. have been complied with, the court may, at its discretion, remit the whole or part of the sum specified in the bond or recognizance as to the principal, or the sureties or either one or more of the sureties. 8 Tex.Jur.2d 218, Sec. 94; Barton v. State, 24 Tex. 250; Lee v. State, 25 Tex. App. 331, 8 S.W. 277; Williams v. State, 51 Tex.Cr.R. 252, 103 S.W. 929; Moutas v. Bryson, Tex.Civ.App., 232 S.W.2d 110, writ refused.

The pleadings and the evidence were sufficient to invoke the exercise of discretion by the court under the provisions of Art. 439, C.C.P. and the trial court, upon the request, should have determined whether any remission would be made.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the court.

On Motion for Rehearing.

MORRISON, Judge.

The prior order reversing and remanding this cause is withdrawn.

■ We find the judgment of forfeiture to be excessive in the sum of $500; and, accordingly, if appellee files a remittitur in that amount within 20 days, the judgment will be reformed and affirmed; otherwise, the cause will be reversed and remanded.

WOODLEY, Presiding Judge (dissenting).

I do not agree that the trial court's failure to adjudicate and determine whether any remission should be made, under the provisions of Art. 439, C.C.P., authorizes this court to effect a remission of a part of the amount of the judgment appealed from.

Reference is made to my dissent in Ricard et al. v. State, Tex.Cr.App., 350 S.W.2d 938.

On State's Second Motion
for Rehearing

WOODLEY, Presiding Judge.

As pointed out in the motion, no ground exists for finding the judgment against appellant Myrph Johnson, principal in the bond forfeited, excessive. As to this appellant the State's second motion for rehearing is granted and the judgment is affirmed.

The majority remain convinced that the judgment against the sureties is excessive in the sum of $500. The writer's views are shown in his dissent on the State's first motion for rehearing.

■ Subject to its second motion for rehearing, remittitur has been filed as required in the majority opinion on the State's first motion.

The judgment as to the appellants who are sureties upon the forfeited bail bond is reformed so as to provide for the recovery against them of the sum of $250 and all costs, and as so reformed, the judgment is affirmed.

■ The appellant Myrph Johnson, as well as the sureties on his appeal bond, having appealed and having superseded the judgment against them, it is ordered that judgment be entered also against the sureties on the joint supersedeas bond.

ON APPELLANTS MOTION
FOR REHEARING

DICE, Commissioner.

Appellants insist that the final judgment of forfeiture entered against them should be reversed because at the time of the hearing, the principal Myrph Johnson was confined in jail and was not given an opportunity to appear in court and show cause why he failed to appear when his appearance bond was forfeited.

While the record reflects that at the time of the hearing, the principal Myrph Johnson was confined in jail, it further shows that he was brought into court and testified at the hearing.

No answer was filed by the principal, Myrph Johnson in the bond forfeiture proceedings and no request was made by him or in his behalf that he be present at the hearing.

Art. 426, Vernon's Ann.C.C.P., which provides for the issuance of citation to the sureties in a bond forfeiture proceeding also provides: " * * * It shall not be necessary to give notice to the defendant."

A judgment may be rendered against all parties without service of citation on the principal. Vaughan v. State, 29 Tex. 273.

Under the record, we find no reason to set aside our opinion affirming the judgment rendered against the principal Myrph Johnson for the full amount of the bond in the sum of $750 and all costs.

The Motion for Rehearing is overruled.

Opinion approved by the court.