## DICK LINDSAY ET AL. V. THE STATE.

No. 549. Decided June 22, 1898.

**1. Plea of Non Est Factum.**

A plea of non est factum is one which explicitly denies the execution of the instrument sued on. A plea which simply denies that the instrument was executed on the particular day stated in said instrument, is not a plea of non est factum, and does not put in issue the execution of the instrument.

**2. Appearance Bail Bond—Proof of Execution.**

Where there is no plea putting in issue the execution of a bail bond, it is not necesssary to prove its execution before its introduction in evidence.

### 3.   Bill of Exceptions to Excluded Testimony.

When testimony is offered and excluded, the ground on which its admissibility is claimed should be stated, and the bill of exception reserved to the ruling should show this.

### 4.   Same.

On a scire facias proceeding to forfeit a bail bond, where it was proposed to introduce in evidence the order of court granting bail, and, upon inquiry by the court, defendant declined to state the purpose of the evidence; Held, the court properly excluded it,—it not being apparent that the bond was necessarily invalid because taken when court was in session and when a recognizance only could be legally taken.

### 5.   Presumption in Favor of Act of Officer.

While it is true that where it appears the court was in session on a certain day it would be presumed to continue in session the entire day, yet where a bond is taken and approved on a day when the court had been in session, it will be presumed, in favor of its validity, that the officers performed their duty, and that it was in fact taken and approved after the court had finally adjourned on that day.

### 6.   Bail Bond Executed on Sunday.

The fact that a bail bond is executed on Sunday does not vitiate or render it void. Our statutes on the subject of Sunday do not invalidate the execution of such bonds.

APPEAL from the District Court of Edwards. Tried below before Hon. WALTER GILLIS.

Appeal from a judgment final upon a forfeited bail bond for $6000.

The case is sufficiently stated in the opinion, and no additional statement is required to illustrate any of the questions discussed.

*Marshall Fulton,* for appellant.

*C. C. Thomas,* District Attorney, and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal in a scire facias proceeding on a judgment final rendered on the appearance bond of one Dick Lindsay. A judgment was rendered in the sum of $6000 against Dick Lindsay as principal, and his sureties, A. J. Lindsay, T. D. Lindsay, J. J. Jones, T. M. Payne, and Martin Moran. There are two bills of exception in the record. The bond, in its body, bore date the 28th of October, 1893, and was in other respects formal, reciting that the obligors bound their principal to appear at the District Court of Edwards County, to be held on the 23d of April, 1894. The bond was approved on November 6, 1893, and was filed on November 7, 1893. When the State undertook to introduce said bond in evidence, it was objected to by appellants on the ground that the State had not proven the execution of said bond in the manner required by law, and had not proven that the same was the bail bond executed on the 28th of October, 1893. We presume this objection was predicated on the answer of appellants, which is claimed here to present a plea of non est factum. We have examined that portion of the answer which it is insisted sets up the defense of non est factum, embraced in section 5 of appellants' answer, but, in our opin-

ion, it is not a plea of non est factum. We understand the plea of non est factum should explicitly and directly deny the execution of the instrument sued on. By an examination of appellants' pleading in this regard, it will be seen that appellants evaded the denial of the execution of the bond, but merely put in issue the date. There is no allegation that the date as originally contained in the bond has been changed or altered, but they simply deny that they executed the bond in question on the particular day stated in the bond. The plea does not put in issue the execution of said instrument. See Rev. Stats., art. 1265, subdiv. 8, and 1 Sayles' Rev. Civ. Stats., art. 1262, and authorities cited in note j. It was, therefore, not necessary for the State to prove the execution of the bond before its introduction in evidence.

Appellants' second bill of exceptions shows that they introduced in evidence the order of the court of date October 28, 1893, granting bail to appellant Dick Lindsay. Afterwards the district attorney moved to strike out the order and judgment of the court on the ground that said evidence was wholly immaterial to any issue in this cause. The court, before striking out said testimony, made inquiry of appellants' counsel as to the object and purpose of this evidence, and counsel replied that the same was offered under his pleading, and to show the manner and form of the proceedings under which the bail bond was taken, and for other purposes, which he declined to disclose at that time. The court further explains this bill by stating that appellants declined to state any other purpose for which said evidence was adduced, and did not state that said evidence was offered for the purpose of showing that court was in fact in session when said bond was taken by the sheriff, further than that said order bore the same date as the bond. It is contended here for the first time that the purpose for which said order of the court admitting appellants to bail was introduced was to show that the district court was then in session, and that a recognizance should have been taken, and not a bail bond. Ordinarily, we take it, that this purpose would not have occurred to the judicial mind, and evidently it did not occur to the judge trying this case at the time the motion was made to strike out the testimony. Ordinarily, the evidence of the adjournment of court would be contained in the minutes of final adjournment; and this order, if introduced, would have, perhaps, suggested its object to the court. The rule is, when testimony is offered and excluded, the ground on which the admissibility of such testimony is claimed should be stated, and the bill should show this. See Levine v. State, 35 Texas Crim. Rep., 647; Howard v. Kopperl, 74 Texas, 499. In our view, the court did not err in excluding the testimony on the grounds stated. We would, moreover, observe that while the order of the court bore date on the 28th day of October, 1893, and showed that the court was in session, and that the bond in its body bore the same date, it would by no means follow that the court was in session at the time said bond bore date. It is true, as a general rule, if it appears that the court was in session on a certain day, it would be presumed to continue in session during the entire day. But courts do

adjourn finally, and can adjourn at any particular time in any day; and when they have finally adjourned, after that time, on the same day, the court is no longer in session; and if the bond in question was taken and approved on the 28th of October, 1893,—the day it bears date in its body,—it will be presumed, in favor of the validity of said bond, that the officers performed their duty, and that it was in fact taken at a time during said 28th of October, 1893, after the court had finally adjourned.

Appellants contend that they should have been permitted to show, under their answer, that the bail bond in fact was not executed on the 28th of October, 1893, as it purported in its body, but that it was in fact taken and approved on the 5th of November, 1893, which was on Sunday, and that, therefore, the bond was void; and they insist that the action of the court in regard to their plea setting up these facts was illegal. The bond itself shows that the sureties made oath as to their solvency on the 1st of November, 1893; that it was approved by the sheriff on the 6th of November, 1893, and was filed in court on the 7th of said month. We take it that all these recitations are correct. But, admit that the bond was in fact taken on the 5th of November, 1893, and that said day was Sunday, yet that fact would not vitiate the bond. Our statutes on the subject of Sunday do not invalidate the execution of bail bonds taken on that day; and the very fact that it inhibits certain acts to be done on Sunday would appear to negative the idea that it intended to inhibit other acts not mentioned. See Rev. Stats., art. 2939; Penal Code, arts. 196-200. Verdicts of juries rendered on Sunday have invariably been upheld. See Powers v. State, 23 Texas Crim. App., 42. And we held in Webb v. State, 40 Southwestern Reporter, 989, that the impanelment of a grand jury on a legal holiday, which appears to be put on the same plane as our Sunday, was legal. It will certainly not be seriously contended that process authorizing the arrest of persons charged with offense could not be executed on Sunday (see Code of Criminal Procedure, article 275), and it occurs to us that the right to arrest embraces the right to take bail. So it follows that appellants' answer did not set up any material matter. As to the citation, it would appear that in reciting the date of the bond as found in the body thereof the pleader followed the precedents on this subject. See Moseley v. State, 37 Texas Crim. Rep., 18. And, as we have seen before, the fact that the bond may have been delivered on some other day was immaterial in this case. There being no error in the record, the judgment is affirmed.

*Affirmed.*