SAM SIMS ET AL. v. THE STATE.

No. 1347. Decided January 31, 1900.

**1. Scire Facias and Judgment Nisi—Amendment—Notice of.**

It is not necessary under our statute (Code of Criminal Procedure, article 478) to give notice to the principal of the forfeiting of his bail bond, and for a like reason, where a proceeding is had to amend the recitals of the scire facias and judgment nisi as to misstatement of the date of the forfeited bond, it is not necessary to serve notice on the principal of said intended amendment. Collins v. State, 16 Texas Criminal Appeals, 274, disapproved.

**2. Same—Objection of Principal Who Has Appeared by Attorney.**

On a proceeding to amend the recitals of the scire facias and judgment nisi as to the date of the forfeited bond, the principal in the bond is not entitled to notice of the intended proceeding, and if he had been, in no event can he be heard to complain of want of such notice where it appears he was in fact represented by attorneys and contested tne amendment.

**3. Same—Indictment as Evidence.**

Where the proceeding is one to forfeit a bail bond, it is not a valid objection to the introduction in evidence of the indictment that it fails to show the same offense as that with which defendant was charged before the examining court.

APPEAL from the District Court of Scurry. Tried below before Hon. ED. J. HAMNER.

This is an appeal from a judgment final on a forfeited bail bond for

$300, entered in the District Court of Scurry County against appellant Sam Sims, as principal, and I. H. Nelson and Billy Brown, as sureties.

The case is sufficiently stated in the opinion.

*C. P. Woodruff* and *Cockrell & Muse,* for appellants.—Sims, the principal, was entitled to notice of the proceeding to amend. Collins v. State, 16 Texas Crim. App., 279.

The date recited in the judgment nisi was the 30th of June, whilst the bond was dated the 20th of June, and the variance was fatal. Brown v. State, 28 Texas Crim. App., 70; Moseby v. State, 30 S. W. Rep., 800; Hayden v. State, Id., 801; Code Crim. Proc., art. 443, sub-·div. 5.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appeal from judgment on forfeited bail bond. Sam Sims entered into bond with I. H. Nelson and Billy Brown as sureties. This bond bore date June 20, 1896. At the September term, 1896, of the District Court, Sims made default. His bond was forfeited, judgment nisi entered, and scire facias issued to the sureties. The judgment nisi and scire facias recited the date of the bond as June 30, 1896. Woodruff & McCauley, attorneys for Sam Sims and the sureties, filed exceptions, etc., to the State's motion to amend the judgment nisi and scire facias. This occurred at the subsequent March term. Exceptions were overruled, and the judgment and scire facias amended so as to conform to the date of the bond. Now, the point relied upon here for reversal is that it was necessary to serve defendant Sims, the principal in the bond, with notice of the intention to amend the bond and scire facias. The Collins case, 16 Texas Criminal Appeals, 274, would seem to sustain this proposition. The Hutchings case, 24 Texas Criminal Appeals, 242, in our opinion, in effect overruled the Collins case, though the opinion in the Hutchings case draws a distinction between that case and the Collins case. If it were necessary to go into a discussion of that question, we would here apply the rule laid down in the Hutchings case. Article 478, Code of Criminal Procedure, provides that it is not necessary to serve notice of the forfeiting of the bond upon the principal. If it is not necessary to serve notice upon him as to the forfeiture, it is not, therefore, necessary for him to be served with notice of subsequent proceedings, and the State can secure a judgment without notice to him. We are, perhaps, relieved of a further investigation of that subject by reason of the fact that Sims, the principal in the bond, answered through his attorneys, and contested the State in securing the amendment of the judgment nisi and scire facias. He had a right to appear by counsel, and, having done so, he was bound by their action. For the reasons above stated, the objections of appellant to the introduction of the amended judgment nisi and scire facias are not well taken.

Appellants objected to the introduction of the indictment in evi-

dence, because it did not show that it was for the same offense as that for which appellant was tried before Justice of the Peace Strayhorn, sitting as an examining court. It is not necessary the indictment should show on its face that the principal was indicted for the offense tried by the examining court. There is nothing in the bill to show it was not the same offense. It is simply stated as a ground of objection to the introduction of the indictment. As set up in the bill of exceptions, there is no merit in this objection. The judgment is affirmed.

*Affirmed.*