## HENRY JOHNSON ET AL. v. THE STATE.

### No. 1942. Decided October 30, 1912.

**Bail Bond—Scire Facias—Judgment Nisi—Final Judgment—Discretion of Court.**

Where, upon an appeal from a judgment final on a bail bond, the record showed that the court under his discretion found that the principal in the bail bond wilfully and intentionally absented himself to prevent the trial of his case, there was no error in entering a final forfeiture on said bail bond, there being nothing to show that the trial court abused his discretion.

Appeal from the District Court of Cass. Tried below before the Hon. P. A. Turner.

Appeal from a judgment final on a bail bond in the sum of $500. The opinion states the case.

*O'Neal & Figures,* for appellant.—Cited Jackson v. State, 13 Texas, 218.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—This was a suit on bail bond, and judgment final was entered for the full amount, five hundred dollars, against the principal and his sureties.

It appears that appellant had been indicted and entered into bond for his appearance at the September term, 1911, of the District Court. When his case was called, the bond was forfeited, and scire facias was issued to him and the sureties on his bond to appear at the February term, 1912, and show cause why said forfeiture should not be made final. At the February term, 1912, defendant Johnson and his bondsmen appeared and filed an answer, and the case was tried on the issues tendered. Johnson testified that there were two cases against him, one for assault to murder, and the case in which this bond was given, in which he was charged with pursuing the business or occupation of selling intoxicating liquors in prohibition territory; that the case, in which he was charged with making an assault, was continued, and being without money he returned to his home to get supplies; that he intended to return to court, but a day or two after he had returned home one Chas. Williams, one of his witnesses, came by, and told him he had made arrangements with the officers to telephone him (witness) if the case was reached, and he promised appellant, if he received a telephone message, to notify him, when appellant says he intended to return to court. His testimony has some support in the record. On the other hand the State proved Johnson had left the county seat on Wednesday without conferring with anyone, and this conversation with Williams did not occur until two or three days thereafter. That when one of the bondsmen learned of the forfeiture of the bond, he went to see Johnson and attempted to persuade him to go at once to the

county seat and make his appearance; this he declined and refused to do. Mr. Smith testified "that he was a deputy sheriff of Cass County, Texas. That for several days subsequent to the forfeiture of Henry Johnson's bond on September 12, 1911, he watched the said Johnson's house in an effort to rearrest him, but without success. That on September 18, 1911, he went to the said Johnson's house with one John Smith. That in pursuance of a plan between witness and said John Smith, the said John Smith approached the house alone and called Johnson out to the fence, ostensibly for the purpose of hiring him to pick cotton, but really to afford witness an opportunity to effect the arrest. That when the said Johnson appeared, witness undertook to arrest him, when the defendant started to run and ran a distance of about 150 yards pursued by witness, at which distance witness overtook and arrested him." John Smith also testified that defendant ran to keep from being arrested.

While appellant testified he remained at home all the time, yet the deputy sheriff would show that he was unable to find him at his home for some time. Thus it is seen that the testimony of defendant would tend to show there was no wilful refusal to obey the process of the court, while the testimony for the State would show an intentional absence, and a refusal to return until hunted down and rearrested. Courts are expensive, and they are held at given periods of time to try offenses, and when one gives bond to appear and answer a charge against him, he is required to do so, unless he can give some good reason why he did not do so. Had the trial court found the facts as testified to by Johnson and his witnesses, such facts would not have authorized a final forfeiture for the full amount. But if he found the evidence offered in behalf of the State to be true, it showed a wilful absence and determination on the part of Johnson not to appear and stand trial at that term of court, and if the court found these to be the real facts, he would be authorized to make the forfeiture final in the full amount. Article 491 of the Code of Criminal Procedure provides, if after forfeiture and judgment nisi, and before final judgment, the principal shall appear or be arrested, the court, in its discretion, may remit the whole or part of the sum specified in the bond. This discretion is confided to the trial judge, and not to this court, and it would only be in those instances where the record disclosed he had abused the discretion confided in him would we be authorized to disturb the judgment. If Johnson wilfully and intentionally absented himself to prevent a trial of his case at that term of the court, and the court so found as a fact, making a forfeiture of the full amount of the bond final would not be an abuse of his discretion. In this case it is not shown that the bondsmen made any serious effort to secure the rearrest of Johnson, or went to any expense in the matter, leaving it wholly to the officers. That the officers were diligent would not redound to the benefit of the bondsmen.

After a careful review of the record we can not say the trial judge

abused his discretion in the premises. It is not for us to say what would have been our judgment, but only to determine if from the record the trial judge would be authorized to find any state of facts which would support his judgment. He knew the circumstances, heard the testimony, saw the witnesses, and was in much better position to judge of this matter than are we, and under such circumstances, as the only complaint is that the evidence does not support the judgment, and shows an abusé of the discretion of the trial judge, we can not do otherwise than affirm the judgment.

The judgment is affirmed.

*Affirmed.*