### JUAN BERNAL V. THE STATE.

No. 9368.   Delivered October 7, 1925.

Rehearing denied January 17, 1926.

**1.—Transporting Intoxicating Liquor—Continuance—Properly Refused.**

Where appellant made a subsequent application for a continuance on account of the absence of a witness, for whom no diligence was shown, there was no error in refusing such continuance, nor in refusing him a new trial.

**2.—Same—Practice on Appeal.**

Where matters are complained of in appellant's brief, but no exceptions appear in the record covering same, this court is not authorized to consider such complaints, and after a careful consideration of the record we are of the opinion that the judgment of the trial court should be, and the same is hereby affirmed.

ON REHEARING.

**3.—Same—Charge of Court—Two Counts—Properly Submitted.**

There was no error in the action of the court submitting to the jury the law applicable to both counts in the indictment, one for transportation of intoxicating liquor and one for possession of intoxicating liquor for purpose of sale. The two charges were each supported by the testimony and the jury found him guilty under the first count.

Appeal from the District Court of Nueces County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Sutherland & Sutherland* and *B. D. Tarlton* of Corpus Christi, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted, tried and con-

victed in the Criminal District Court of Nueces County for transporting intoxicating liquor and his punishment assessed at two years' confinement in the penitentiary.

The record in this case discloses only two bills of exception, the first complains of the action of the court in overruling appellant's subsequent motion for a continuance, and the second bill complains of the court's action in overruling his motion for a new trial. The motion for continuance was made to obtain the testimony of Owen Dunn. The record discloses that appellant was arrested and gave bond on May 5th, 1924, and no effort to have said witness subpoenaed was ever made until a few days before the case was called for trial on November 19, 1924. The application for a continuance states the witness promised to be present to testify, and it appears he was relying upon said promise until a few days before the case was called for trial, then attempted to locate said witness for the purpose of subpoenaing him but never succeeded in having him served with any process. We think the record in this case fails to show proper diligence, and that the trial court committed no error in overruling the application for a continuance nor in refusing a new trial by reason thereof.

The second bill of exception fails to show any error of the trial court in overruling motion for a new trial. There are other matters complained of in appellant's brief, but no exceptions in the record covering same, which preclude this court from considering them. After a careful consideration of the record, we are of the opinion that the judgment of the trial court should be and the same is hereby affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In addition to the reasons assigned in our original opinion as supporting the action of the trial court in refusing the continuance, we further observe that the testimony attributed to the absent witness was of such indefinite character and its admissibility so questionable as to remove any element of doubt as to the correctness of the refusal of said continuance. It is stated in the application that by the absent witness defendant expected to prove that "while the witness was seated on the porch of the St. James hotel, a stranger called at the hotel and asked if three grips had been brought to the hotel

by a little short Mexican service car driver, thereby corroborating the statements of these defendants at the time of their arrest that the grips containing the intoxicating liquor seized by the rangers had been delivered to the defendants as service car drivers by some person they believed to be a passenger arriving at the depot in the city of Corpus Christi, and further tending to establish the fact that these defendants did not unlawfully transport this liquor." It will be observed it is not stated that any of the conversation was addressed to the witness, nor is any attempted description given of the stranger, nor of the party whom he expected to bring the grips to the hotel, nor is it shown that the party to whom the conversation was addressed could not be had as a witness. In reference to that part of said testimony asserting the statements of the stranger to be corroborative of those of the defendant when arrested, we observe that neither in the testimony of appellant nor of the officers regarding the conversation had at the time of the arrest, was it claimed that appellant stated had he obtained the grips containing the intoxicating liquor from some stranger at the depot. Quite the contrary appears. Both officers who participated in the arrest testified that that appellant told them at the time that his co-defendant, one Godoy, who was in the car with him, had nothing to do with the liquor, that it belonged to appellant. We might further observe that the motion for new trial is not accompanied by the affidavit of the absent witness stating that he would testify to any of the facts set up in the application for continuance.

We observe no error in the action of the court submitting to the jury the law applicable to both counts in the indictment, viz: transportation of intoxicating liquor, and possession of same for purposes of sale. The two charges were each supported in the testimony. The jury were instructed to find by their verdict under which count, if any, they found appellant guilty, and in compliance with this instruction they found him guilty under the first count.

The charge in the indictment was the transportation of intoxicating liquor, and the testimony showed conclusively that the liquor found in appellant's car in which he was transporting it was tequila and that it was intoxicating.

There is nothing in the record supporting appellant's contention that he was not tried by a legal jury.

Being unable to agree with any of the contentions made by appellant, his motion for rehearing will be overruled.

*Overruled.*