W. A. AGGERS v. THE STATE.

No. 13012. Delivered February 12, 1930.
Reported in 24 S. W. (2d) 838.

The opinion states the case.

*Cook, Smith & Teed* of Pampa, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, felony theft; penalty, three years in the penitentiary.

Appellant was charged with the theft of one 15½-inch Wilson Elevator of the value of $100.00, one 10-inch Wilson Elevator of the value of $75.00, one Pyle National Generator of the value of $100.00, as well as sundry articles of household goods, not necessary to here detail. This property is shown to have been in the custody of J. R. Davis, Superintendent of the Arnold Oil & Drilling Company. The articles first above mentioned were found by officers on a lot back of a residence in charge of a Mr. Hendricks, where appellant was shown to be staying. The various articles of household goods were found inside the house, some of them in the room occupied by appellant. The officers operated without a search warrant. Appellant testified for himself that the various articles found by the officers had been theretofore purchased by him and denied their theft.

By various bills of exception the admissibility of the testimony of the officers and others touching the result of the search is questioned, it being claimed that the search was illegal and in violation of appellant's constitutional right protecting him against unreasonable searches and seizures. The testimony as to what was found in appellant's room was stricken by the Court.

The error, if any, in the admission of the testimony of officers concerning facts ascertained as the result of an illegal search was in this case rendered harmless by the action of appellant, who himself took the witness stand and admitted possession of the articles about which the officers testified. 4 Texas Jurisprudence, Paragraph 414; Shuffield v. State, 18 S. W. (2nd) 640; Herman v. State, 18 S. W. (2nd) 170; Poteet v. State, 17 S. W. (2nd) 46; Duncan v. State, 13 S. W. (2nd) 703; Rousey v. State, 110 Tex. Crim. Rep. 33; Broyles v. State, 110 Tex. Crim. Rep. 77; McLaughlin v. State, 109 Tex. Crim. Rep. 307.

Moreover, the right of appellant to complain of an illegal search is a privilege personal to the wronged party and does not embrace cases where, as in the instant one, the premises searched were in the possession and control of another. Cornelius on Search and Seizure, Sec. 12. In this case it appears that aside from the room of appel-

lant the searched premises were in the custody and control of a Mr. Hendricks.

A second application for a continuance appears in the record and the Court's action in refusing same is made the basis of a ground for reversal. Three of the witnesses named in it were nonresidents and no effort apparently was made to take the deposition of either of these, the excuse alleged being that they had promised to attend court. As to the fourth witness the only allegation of diligence is "that there was caused to be issued a subpoena for Fred Morris, who was then residing in Gray County, Texas, but the residence of said Fred Morris is now unknown to this defendant." Appellant's bill complaining of this matter not only fails to show that the statute regulating matters of this kind was complied with but it affirmatively shows a failure to do so. It must appear that all the means provided by law were resorted to by defendant before he is entitled to a continuance. To say that the appellant could rely on a promise of attendance in lieu of depositions would be to judicially amend the statute. The authorities will be found collated in Vernon's C. C. P., Art. 543, Note 5. As to the witness Morris there is no allegation showing to whom and when the subpoena was delivered or the manner and time of its transmission or whether or not he was ever served or whether or not appellant knew of his whereabouts at a sufficient time antedating the date of the trial to have taken his deposition if he were a non-resident, the only allegation being "that his residence is now unknown." The application is so plainly lacking in averments showing diligence that we deem it unnecessary to further discuss it.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.