## C. L. SCOTT ET AL. V. THE STATE.

No. 18807.   Delivered March 3, 1937.

The opinion states the case.

*Martin & Shipman,* of Abilene, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellants have brought this case to this court by writ of error, seeking a review of a final judgment upon a forfeiture of a bail bond.

The record shows that C. L. Scott was charged by a complaint filed in the justice court of Ward County with the offense of theft of property over the value of fifty dollars. At the examining trial the justice, sitting as a magistrate, fixed the amount of Scott's bond at five hundred dollars. On the second day of August, A. D., 1935, Charley L. Scott as principal and R. L. Bowyer and C. B. Bowyer as sureties made and executed a bond in the penal sum of five hundred dollars conditioned that the said Scott make his personal appearance before the District Court of Ward County at its next term to be begun and holden at the town of Barstow on the 30th day of September, 1935, and there remain from day to day and term to term of said court until discharged by due course of law; and in addition thereto provided for the payment of all fees and expenses incurred by the peace officers in re-arresting the principal in the event the conditions of the bond are violated. Scott was duly indicted for theft of property over the value of fifty dollars at the subsequent term of the District Court of Ward County, but failed to appear to answer the accusation; whereupon said bond was forfeited and judgment nisi was entered. Thereafter plaintiffs in error were duly served with citation, but failed to appear at the regular term of said court, either in person or by answer on file. Consequently a judg-

ment by default was entered against them in the sum of five hundred dollars, the amount specified in the bond, and such additional amount of fees and expenses that may be incurred by the peace officers in re-arresting the said C. L. Scott upon the charge pending against him.

The first assignment of error upon which plaintiffs in error rely for a reversal of the judgment is that the bail bond was void by reason of the fact that it was more onerous than that provided by law, in that, it not only provided for the payment of the penal sum stated, but also for the payment to the officers "all fees and expenses" that might be incurred by them in re-arresting said C. L. Scott. It occurs to us that plaintiffs in error have not appealed from that part of the judgment rendered in favor of the peace officers for the following reasons: First, because the supersedeas bond is only in the sum of one thousand dollars plus one hundred dollars costs of appeal, and does not cover "all fees and expenses" that may be incurred by the officers in re-arresting Scott. Second, because the petition for the writ of error states that the State of Texas is the only party having an adverse interest in the matter and does not mention the officers, notwithstanding that the judgment for "all fees and expenses" of re-arresting Scott was a judgment in favor of the peace officers. Even if it should be held that the judgment in favor of the officers is void, the same is not before this court for review as no appeal is being prosecuted from said judgment. However, we are of the opinion that the recitation in the bond "all fees and expenses" instead of "all reasonable and necessary expenses" as required by statute is not more onerous than required by law because in no event could the officers recover any greater fees and expenses than those necessarily incurred by them in re-arresting the principal, and it would have to appear by parol evidence that expenses thus incurred were reasonable and necessary notwithstanding it be alleged "all fees and expenses."

Plaintiffs in error rely upon and allege a variance between the allegations in the scire facias or petition and the judgment actually entered, in this, that the scire facias describes the bail bond sued on as follows: "Whereas, on the 2nd day of August, 1935, in a certain prosecution pending in our District Court of Ward County, Texas, wherein the State of Texas is Plaintiff and C. L. Scott is Defendant, Number 540, the said defendant did enter into a bail bond," etc. The bail bond was entered into on August 2, 1935, in a prosecution then pending in the justice court of Ward County, cause number 201,

wherein the State of Texas was plaintiff and C. L. Scott defendant. The bond which was introduced in support of the allegations in the scire facias or petition is at variance with the bond described in the petition. It is a fundamental and well recognized rule of pleading and practice that the proof must correspond to the allegations. If the proof is at variance with the allegations, it will not authorize a judgment. In the case of Shipman v. Fulcrod, 42 Texas, 248, it was held that a variance in any respect between the instrument declared on in the petition and that offered in evidence is fatal. See Harris et al. v. State, 279 S. W., 817; Letot v. Edens, 49 S. W., 109; Loudon v. Robertson, 54 S. W., 783; Frederick v. State, 92 S. W. (2d) 254. It occurs to us that the scire facias and the bond therein declared upon is at variance with the bond actually introduced in evidence and would not support a judgment by default. However, under art. 435, C. C. P., 1925, the scire facias may be amended upon a motion by the district attorney so as to state the true facts and notice thereof given to the plaintiffs in error.

It is therefore ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.