J. W. WINKLEY V. THE STATE.

No. 23678.  Delivered June 4, 1947.

*Emmett Shelton,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for driving an automobile while intoxicated; the punishment, a fine of $100.00.

According to the State's testimony, appellant, while intoxicated, drove his automobile into and collided with an automobile parked on Lavaca Street in the City of Austin. In appellant's car was found a bottle of whisky about one-fourth full. Although appellant admitted and proved by other witnesses that, prior to the collision, he had taken two jiggers or drinks of whisky, he and his witnesses denied that he was drunk or under the influence of intoxicating liquor at the time of the collision.

The State's testimony warrants the jury's conclusion of guilt.

Appellant complains of the overruling of his application for a continuance because of the absence of the witness Humes, by whom he expected to prove that about fifteen minutes before the collision witness saw appellant and that at that time he was not under the influence of intoxicating liquor in any degree.

The application, upon its face, shows that no subpoena had been applied for or issued for the witness. Appellant appears to have relied upon the promise of witness to be present at the trial.

The law requires an accused to use the means provided by law to procure the attendance of his witnesses. If he substitutes other means, he does so at his own peril. The application for continuance was properly overruled for a want of diligence. 9 Tex. Jur., Continuance, Sec. 98, p. 780; Jones v. State, 115 Tex. Cr. R. 60, 29 S. W. (2d) 791; Aggers v. State, 114 Tex. Cr. R. 391, 24 S. W. (2d) 838.

Bills of exception appear complaining of the closing argument of State's counsel as being inflammatory, prejudicial, and not supported by the testimony.

In determining whether argument of State's counsel constitutes reversible error, the rule is that it becomes such only when, in extreme cases, it is manifestly improper, or where a mandatory statute is violated or some new fact is thereby injected into the case. Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548; Mickle v. State, 191 S. W. (2d) 41; Gordon v. State, 194 S. W. (2d) 775.

The arguments here complained of do not come within the rule stated.

Finding no reversible error, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.