<hr/>

PAUL WILLIAMS ET AL V. STATE.

No. 26,688.  January 6, 1954.
Appellant's Motion for Rehearing Granted February 17, 1954.

*M. D. Emerson,* Paris, for appellants.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is a bond forfeiture case, appellants being the sureties upon the bond of Paul Williams in the sum of $500, conditioned for his appearance in the county court of Lamar County to answer a misdemeanor charge.

The criminal case was called for trial before a jury on December 12, 1952, and during the afternoon session the defendant Williams was present. His counsel was granted time in which to prepare a motion and the jurors were excused about 5 P.M. with instructions to return for a night session at 6:30 P.M.

Williams failed to return to the courtroom for the night session and, after some effort was made to locate him, judgment nisi was ordered entered forfeiting his appearance bond.

Some 48 hours later the defendant Williams appeared and was released upon a new bond in the sum of $1000. Before the bond forfeiture here appealed from was made final he was tried

and convicted on the misdemeanor charge, and also was adjudged in contempt of court for his failure to appear at the night session.

Appellants as sureties were served and a jury trial was granted, but at the conclusion of the evidence the trial judge dismissed the jury and entered final judgment of forfeiture in the full amount of the bond. From this judgment the sureties have appealed.

Appellants contend that under the facts the trial judge should have set aside this forfeiture, or should have remitted the whole or a substantial part of the amount of the bond.

Under the provisions of Art. 439 C.C.P. the trial court had the discretion to so remit all or a part of the $500, but he did not do so. We do not construe this statute to authorize this court to remit a part of the recovery and affirm the judgment as to the remainder, nor do we find that the trial court abused his discretion in declining to remit all or a part of the amount of the bond.

Appellants complain that the county attorney was permitted to amend the judgment nisi wherein it recited that the bond was executed on November 6, 1953. This was shown to be a clerical error, the bond in fact being dated November 6, 1952.

The judgment nisi performed the function of a pleading in the civil proceeding following its entry, and was subject to amendment under Art. 435 C.C.P. and Rules 62 and 63 R.C.P.

The trial court did not err in permitting this amendment of the state's pleading. Such an amendment was approved without notice to the principal in Sims et al v. State, 41 Tex. Cr. R. 440, 55 S.W. 179.

In Scott v. State, 132 Tex. Cr. Rep. 70, 102 S.W. 2d 434, it it was observed that a judgment nisi describing the forfeited bond as having been entered into in a prosecution in the district court could be amended so as to state that the bond was entered into in a prosecution pending in the justice court.

The judgment nisi and the bond were offered by the state and admitted in evidence. In the absence of a sworn plea of non est factum, this evidence established the state's case, and

it was not necessary that proof of the execution of the bond be made. See McWhorter v. State, 14 Court of Appeals 239; Lindsay v. State, 39 Tex. Cr. R. 468, 46 S.W. 1045.

Appellants sought a continuance because of the absence from the present trial of the principal, Paul Williams.

No diligence is shown to secure the attendance of Williams. If appellants desired his testimony process should have been secured requiring his attendance. Williams was under no necessity to attend the trial on the question of whether the judgment nisi should be made final and it has been held that want of diligence is not excused by the fact that the witness promised to be in attendance and testify. See Bernal v. State, 103 Tex. Cr. Rep. 200, 280 S.W. 221, Aggers v. State, 114 Tex. Cr. Rep. 391, 24 S.W. 2d 838.

The same rule applies to co-parties as to other witnesses. See 9 Tex. Jur. p. 674, par. 23.

Appellants failed to produce any evidence which would exontrate them from liability under the bond forfeiture as contemplated by Art. 436 C.C.P. and the trial court did not err in discharging the jury and entering final judgment on the forfeiture.

The judgment is affirmed.

MORRISON, Judge (Dissenting).

It is with regret that I again must dissent in a case from Lamar County growing out of a liquor law violation.

The record reflects that the principal on the bond which was forfeited in this action (who will hereinafter be referred to as principal) had been in attendance upon the court, awaiting the call of his case during the normal court hours on Friday; that at 5:30 the court declared a recess and told the jury to come back at 6:30. The jury did reconvene at 6:30; the case against the principal was called, and when he did not answer the court forfeited the bond.

A motion for continuance in this bond forfeiture case was filed, alleging that evidence was available to prove that the principal was prevented from appearing at the night session because of an uncontrollable circumstance, which, if established,

would have prevented recovery herein by virtue of Section 3 of Article 436, C. C. P.

I think the motion for continuance, being the first, should have been granted.

Be that as it may, let us look further into the record before us.

The principal did surrender himself to the officers on Sunday morning, less than forty hours after his bond had been forfeited, and the officers had incurred no expense in searching for the principal.

The principal was later tried for the liquor law violation and was assessed a fine of $150.00 and 90 days in jail.

As if this were not enough, the principal was then cited for contempt for his failure to appear at the night session, and for such contempt was fined $100.00 and confined three days in jail, the maximum penalty. I feel that the appellant has been sufficiently punished and that the ends of justice do not demand a forfeiture of the full amount of the bond.

This, to me, is a perfect case for the application of Article 439, C. C. P., which authorizes the trial court to remit all or a part of the sum specified in the bond. This the court did not do, but took the case from the jury and entered judgment in the full amount, which in the light of the foregoing spells abuse of discretion to me.

I respectfully enter my dissent.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

The appellants have filed an extensive motion for rehearing herein and therein reiterates much of the contention found in the original brief.

From the testimony, we gather that the appellant, Paul Williams, was absent some thirty-eight hours during the progress of the trial of his case, he having absented himself from late on Friday afternoon until Sunday, when he appeared in the

presence of the sheriff and posted a new bond in the sum of $1,000.00.

He went to trial before a jury in the original case and was by the jury fined the sum of $150.00 and sentenced to serve 90 days in the county jail.

He was also cited for contempt of court by the trial judge, such contempt consisting in his failure to return on the Friday afternoon when the court recessed from 5:00 until 6:30 o'clock. By reason of his absence from 6:30 o'clock during the trial of his criminal case, appellant was punished by the court for contempt and was fined the sum of $100.00 and sentenced to jail for a term of three days. Appellant has not only served the 90 days in jail, but also the three days in jail, making a total of 93 days in jail, and has paid the fine imposed against him by the jury as well as the fine imposed by the court against him for contempt thereof, making a total of approximately $250.00, including the fines and costs.

After the payment of these fines and after appellant had served the sentences imposed, his bondsmen were brought into court on the bond forfeiture case, and the testimony thereunder was heard by the jury. However, the court being of the opinion that there was no controversy relative thereto upon which the jury could be called upon to decide, he dismissed the jury and rendered a judgment of $500.00 against the two sureties on the bond, the bond having been forfeited immediately upon the appellant absenting himself in the night-time session of his original criminal trial.

We are operating in this instance under Rule 440 of the Rules of Civil Procedure which reads as follows:

"In civil cases appealed to a Court of Civil Appeals, if such court is of the opinion that the verdict and judgment of the trial court is excessive and that said cause should be reversed for that reason only, then said appellate court shall indicate to such party, or his attorney, within what time he may file a remittitur of such excess. If such remittitur is so filed, then the court shall reform and affirm such judgment in accordance therewith; if not filed as indicated then the judgment shall be reversed."

Article 439, C.C.P., provides as follows:

"If, before final judgment is entered against the bail, the principal appear or be arrested, and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond or recognizance."

If the trial court had the power to remit the whole or a part of this recognizance, then the question arises, Does this appellate court have such power? This matter, it is suggested, was a part of the discretion of the court trying the case and could only be changed in the event of an abuse of such discretion.

We are cited to many cases of the different states of the Union relative to what is meant by an "abuse of discretion" and while not lending itself to an absolute measuring stick by which such abuse could be understood, the opinions seem to be in fair agreement that an abuse of discretion usually means doing differently from what the reviewing authority would have felt called upon to do. Such ordinarily finds itself depending upon the facts of the particular case. See Brazos River Conservation & Reclamation District v. Harmon, et al., 178 S.W. (2d) 281.

From the cases cited to us, the matter of equity would have some weight in finding an abuse of discretion.

In this instance, Paul Williams suffered not only a monetary judgment, but a jail confinement in the case wherein this bond was present. He was fined more than the lowest fine for this offense, and he has also been punished for contempt of court under the heaviest penalty that could have been awarded him. The trial court could have exercised his discretion in either remitting the whole or a part of the sum specified in this bond, since under the Rules of Civil Procedure this would have been permissible. See Moutas, et al. v. Bryson, 232 S.W. (2d) 110, in which case a writ of error was refused by the Supreme Court.

Under the circumstances here present, we are of the opinion that the court should have exercised his discretion and remitted a part of the sum specified in the bond herein sued upon.

The motion for rehearing herein is granted, and the order of affirmance is set aside.

We conclude that the $500 judgment rendered against the bondsmen and appellant was excessive to the extent of $250,

and, accordingly, if appellee files a remittitur in that amount within twenty days, the judgment will be reformed and affirmed; otherwise the cause will be reversed and remanded.

ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge (Dissenting).

My view as to the want of authority in this court to remit all or a part of the sum specified in a forfeited bond is expressed in our original opinion.

Art. 437 C.C.P. provides that the judgment shall be made final against the principal and his sureties "for the amount in which they are respectively bound." I know of no rule of law under which such a judgment may be held to be "excessive." I am unable to agree that the rules governing remittitur (Rules 439, 440 R.C.P.) are applicable.