OLIVER RICARD ET AL V. STATE

No. 33,297.   June 14, 1961
State's Motion for Rehearing Overruled November 22, 1961

McDONALD, Judge, concurred.

WOODLEY, Presiding Judge, dissented.

*John J. Fagan,* Dallas, for appellants.

*Henry Wade,* Criminal District Attorney, *James M. Williamson,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is a bond forfeiture proceeding. This record shows without question that prior to the entry of the final judgment appellant had been arrested at the sureties' expense, had appeared before the court, plead guilty, was assessed a jail term, and was serving such term at the time of the entry of the judgment in the bond forfeiture proceeding.

This is the type of case envisioned by Article 439, V.A.C.C.P. which reads as follows:

"If, before final judgment is entered against the bail, the principal appear or be arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond or recognizance."

The court in the case at bar appeared to be laboring under the impression that he had no such discretion except in a certain limited type of cases.

In compliance with the rule set forth in the opinion of this court on rehearing in Williams v. State, 159 Tex. Cr. Rep. 443. 265 S.W. 2d 92, we hold the judgment of forfeiture to be excessive in the sum of $250.00; and, accordingly, if appellee files a remittitur in that amount within 20 days, the judgment will be reformed and affirmed; otherwise, the cause will be reversed and remanded.

McDONALD, Judge (concurring).

I concur in the disposition of this case by Judge Morrison.

In reviewing the statement of facts, it is noted that the trial judge stated that he had read all the cases he could find on the law and that he had come to the conclusion that the only discretion he had in a given fact situation was when a defendant had an excuse for not being present in the trial court.

The careful trial judge, I think, earnestly endeavored to correctly interpret and apply the law in this case when he made the foregoing statement, and I infer from such statement and two other separate and almost identical statements made by him that he would possibly have exercised his discretion and granted a remittitur had he felt that he possessed the authority to do so. I feel that in a proper case, wherein —as I view it here— discretionary power is vested in the trial court, his failure to exercise such power would constitute an abuse of discretion.

In abstractly viewing "abuse of discretion," one might well conclude in a given case that the trial court created harm, and thus an abuse of his discretion, by exceeding the bounds of his authority.

On the other hand, the lack of action on the part of the trial court and his failure to remedy a harmful situation might possibly bring about equally as much harm as would his exceeding the bounds of reasonable discretion .

It is evident that Art. 439, V.A.C.C.P., does vest broad discretion in the trial court to remit the whole or part of the sum specified in the bond or recognizance.

There is no statutory authority giving discretionary power to this court. At the same time, it is elemental that this court does have the right, power, and authority to review the acts of the trial court in abusing his discretionary power.

The two early appeals in bond forfeiture cases decided in 1912, namely: Johnson, et al, v. State, 68 Tex. Cr. Rep. 51, 150 S.W. 890, and Williamson, et al, v. State, 68 Tex. Cr. Rep. 53, 150 S.W. 892, are cited in some quarters as authority for saying that discretionary power to grant remittiturs is not vested in this court.

It was held in the Johnson case that only in those instances where the record disclosed that the trial court had abused the discretion confided in him would this court be authorized to disturb the judgment. This court discussed the facts in the case and pointed out that the trial court had found as a fact that Johnson had wilfully and intentionally absented himself to prevent a trial of his case at the certain term of court, and this court found that making final a forfeiture of the full amount of the bond would not be an abuse of the trial court's discretion.

I feel that the holding of this court in the Johnson case allows sufficient latitude to authorize us to disturb a judgment of the trial court.

Much has been said with reference to the statutory provisions leaving this matter discretionary with the lower court and not with this court. If this court properly reviews cases involving an abuse of discretion by a trial court, then it certainly should have some latitude in correcting cases of the trial court's abuse of discretion other than to simply reverse and remand the case for another trial.

By the majority opinion in this case we are giving to the trial court an opportunity to do that which he thought he had no

authority to do, or, if he disagres with us, then he may try the lawsuit again.

I do not doubt the power of the trial court to decline to remit, but I think the trial court clearly demonstrated by his statements that he did not consider he possessed any authority to remit in this case.

WOODLEY, Judge (dissenting).

I do not agree that the trial judge abused his discretion in making final the judgment against Ricard and his sureties for $350.00, the amount they contracted to pay in the event Ricard failed to appear at the time set for his trial.

The appellant's sureties signed the bond in consideration of a fee based upon the amount of the obligation they assumed. The principal's failure to appear in December 1959 was wilful and accomplished his purpose, which was to avoid a trial and cause his case to be continued and trial postponed for some eleven months.

Art. 439 C.C.P., does not require the trial judge to remit any part of the sum specified in the forfeited appearance bond. It merely provides that the court may at its discretion do so.

The appellants, at the hearing in the trial court, did not request or seek a remission of a part of the judgment nisi forfeiting the $350.00 bond. They sought to set aside the forfeiture.

Appellants in this court do not seek or pray for remission of any portion of the amount for which the forfeiture *was* made final, but to set aside such final judgment.

It is my position that this court is without authority to require remittitur of any part of the final judgment appealed from, and that a remission of $250.00 of the $350.00 judgment nisi is not justified under the record.

ON STATE'S MOTION FOR REHEARING

MORRISON, Judge.

We erroneously referred in our original opinion to "appel-

lant," whereas the phrase should have been "the principal." Our original opinion is corrected in this respect.

The state now calls our attention to the fact that the principal did not appeal. The judgment as to him, therefore, remains undisturbed. Remittitur having been filed, the judgment rendered against the appellant sureties is reformed so as to provide for the recovery against them of the sum of $100.00 and all costs. As reformed, the judgment is affirmed.

The state moves that we amend the style of the case in view of the fact that the principal did not appeal. An examination of the records of this court reveals that appeals in bond forfeiture cases have consistently been styled in the trial court and this court in the name of the principal in the forfeited bond "et al" without regard to whether the appeal was by one or more sureties alone, or by both the principal and his sureties.

Appellants having superseded the judgment by supersedeas bond, it is ordered that judgment be entered against the sureties thereon for the performance of the judgment as reformed and affirmed.

The state's motion for rehearing is overruled.