**Larry June COX et al., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46288.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

C. Adam Morriss, III, of Gray, Aaron & Dorsey, San Angelo, for appellants.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is a bond forfeiture proceeding.

The sole question on appeal is whether or not appellant appeared in time on the day his case was set for arraignment.

The Deputy County Clerk testified that she mailed appellant a notice telling him to be in Eldorado, Schleicher County, at 9:00 a. m. on July 18, 1972.

Appellant testified that upon receiving notice he contacted his attorney who in turn telephoned the County Attorney of Schleicher County and then informed appellant to be in Eldorado on July 18th. He further testified that he arrived in Eldorado at noon on July 18th and found no one at the Court House and waited until 1:30 p. m. when he talked to the County Judge and was told that it was too late for him to appear as his bond had been forfeited that morning.

The County Attorney testified that he talked to appellant's attorney and told him that it would be unnecessary for him, personally, to be present, but that it was necessary for the appellant to be present in Eldorado on the 18th of July 1972.

The original bond was in the sum of $500. The trial court evidently aware of, and in accordance with, the terms of Article 22.16, Vernon's Ann.C.C.P., remitted $200 thereof and the final judgment is in the sum of

$300. Ricard v. State, 171 Tex.Cr.R. 456, 350 S.W.2d 938; Williams v. State, 159 Tex.Cr.R. 443, 265 S.W.2d 92.

We find no valid excuse for appellant's tardiness in arriving at court. The judgment of the trial court is affirmed.