Victor **APODACA**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 46624.**

Court of Criminal Appeals of Texas.

May 1, 1973.

Joseph (Sib) Abraham, Jr. and Anthony Aguilar, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and William B. Hardie, Jr., Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is an appeal taken from a judgment in a bond forfeiture proceeding wherein the surety alone appeals.

The record reflects that the principal, Manuel Martinez, was arrested December 5, 1970, for the burglary of a private residence at night and was subsequently indicted on January 14, 1971, under cause number 23,616 in the 34th Judicial District Court of El Paso County, Texas. On December 5, 1970, Manuel Martinez was released on bond with Victor Apodaca acting as surety.

In his first ground of error, appellant contends that "the court abused its discretion in forfeiting said bond inasmuch as there was a fatal variance between the judgment nisi alleging principal failed to appear for arraignment and evidence showing principal had appeared for arraignment."

Both the bond and the judgment nisi were admitted into evidence at the hearing to determine why final judgment should not be entered. No claim is advanced that there is a fatal variance between the bond and the judgment nisi.

The judgment nisi recites that the principal was to appear for arraignment on September 29, 1972, that principal failed to appear, and therefore, that the State was entitled to a forfeiture of said bail bond unless good cause be shown as to why principal did not appear. Appellant states as evidence of variance that the principal had been previously arraigned and that Mr. Sutherland [1] understood that the arraignment set for September 29, 1972 was for another case involving Manuel Martinez. Therefore, appellant argues, the bond in this case should not be forfeited. The understanding of the principal's attorney is not evidence that the principal had previously been arraigned for the burglary

---

1. Attorney for principal, Manuel Martinez.

charge. The record does not reflect that Manuel Martinez had theretofore been fully and duly arraigned pursuant to Article 26.01, Vernon's Ann.C.C.P., for the purpose of reading the indictment to the accused, hearing his plea thereto and fixing his identity prior to the date cited in the judgment nisi. Bustillos v. State, Tex.Cr. App., 490 S.W.2d 563.

■ Since no evidence that principal had been fully and duly arraigned prior to the date cited in the judgment nisi was offered by appellant, we find that the judgment nisi contained no fatal variance.

Appellant's first ground of error is overruled.

■ Appellant's next contention that "the court abused its discretion in forfeiting said bond inasmuch as the hearing on September 29, 1972, was not a subsequent proceeding had relative to the charge on the bond" is without merit. Appellant argues that the principal's presence was not necessary because Mr. Sutherland believed that Martinez was to appear on September 29, 1972 for an offense of assault and battery, an unrelated matter to the offense of burglary. However, the principal testified as follows:

"Q Did you appear for the burglary arraignment on September 29?

"A No, sir.

"Q The burglary charge when you called you to appear for arraignment on September 29, 1972, did you receive a telephone call for that day?

"A Yes, sir.

"Q Did you come down for arraignment?

"A No, sir."

On redirect examination, the following testimony was elicited from the principal:

"Q On September 29, 1972, do you know what you were supposed to appear for whether it was for assault and battery, rape or burglary.

"A Burglary."

The testimony of the principal himself refutes appellant's argument.

Appellant's second ground of error is overruled.

■ Appellant's third ground of error contends that "the court abused its discretion in forfeiting said bond inasmuch as the court had been informed that the State of Texas had agreed to dismiss the charge stated in the bond." Both the bond and the judgment nisi showing a failure of the principal to appear for arraignment of a charge of burglary were admitted in evidence without objection. This made out a prima facie case authorizing a final judgment to be entered.

■ The trial judge, at his discretion, may remit forfeiture in cases which merit such action where the accused fails to appear due to a mistake, or unavoidable delay, or any other situation where forfeiture in full would, in the trial judge's opinion, be inequitable. Gibson v. State, Tex.Cr. App., 401 S.W.2d 822. Appellant does not argue that mistake or delay are involved, but only that the trial judge should have considered this an inequitable situation because the State had agreed to dismiss the charge stated in the bond. Apparently, the trial judge did not consider this forfeiture inequitable in that the principal testified that he knew he was to appear for the burglary charge.

■ We see no abuse of discretion in the trial court's decision that the bond be forfeited. Appellant's third ground of error is overruled.

■ In his final ground of error appellant contends that "the court erred in not setting the forfeiture aside inasmuch as the principal appeared before entry of fi-

nal judgment on the bond forfeiture." Although the evidence reflects that there had been a previous agreement to dismiss the burglary indictment against the principal, the same had not been dismissed as of September 29, 1972, the day the principal was supposed to appear in court for arraignment. The principal did appear on the hearing to make the judgment nisi final. However, the mere appearance of the principal on the bond without more is not sufficient to have the forfeiture set aside. State v. Warren (1856) 17 Tex. 283.

Article 22.17, V.A.C.C.P., provides:

"When the principal appears before the entry of final judgment, and *sufficient cause is shown for his failure to appear before the forfeiture is taken,* and a trial is had of the criminal action pending against him, he shall be entitled to have the forfeiture set aside . . ." (emphasis added)

Regardless of the final disposition of the case, the principal must appear in any court in which such case may be pending and at any time when his personal appearance is required by the Code of Criminal Procedure, or by any court or magistrate. Article 22.01, V.A.C.C.P. The record reflects that the burglary charge against the principal was still pending and that the principal knew that he was to appear for arraignment on the burglary charge, and yet principal failed to appear. Sufficient cause for the principal's failure to appear has not been shown.

In addition there is no evidence in the record that the principal was sick on September 29, 1972, or that there was any uncontrollable circumstance which prevented his appearance at court that arose from no fault on his part. See Article 22.13, Sec. 3, V.A.C.C.P.

Appellant's fourth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.