Donald P. FLY, Appellant,

v.

The STATE of Texas, Appellee.

No. 54347.

Court of Criminal Appeals of Texas.

May 11, 1977.

Rehearing Denied June 1, 1977.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal by one of the sureties from a final judgment forfeiting an appearance bond.

The record reflects that on November 1, 1972, the principal, Rene Esquibel, arrested for possession of marihuana, was released on a $1,000 appearance bond with appellant and James Johnson listed as sureties. On December 28, 1972, the principal failed to appear in the 185th District Court of Harris County and a judgment nisi was entered. On May 22, 1973, notice was issued to the sureties as to a show cause hearing regarding the final judgment for the bond forfeiture. A subsequent notice was issued on April 8, 1975. On May 4, 1976, the charge against the principal was dismissed because the case was an "old case, no arrest." On October 29, 1976, a show cause hearing was held and final judgment was entered forfeiting the $1,000 appearance bond. The principal was not rearrested after he failed to appear on December 28, 1972, and he did not appear in court before the final judgment was rendered.

Appellant contends in his first ground of error that the trial court did not have jurisdiction to render a final judgment.

The record reflects that a complaint was filed in justice court against the principal on October 30, 1972, and the complaint recited that bail was set at $15,000. On November 1, 1972, the principal was released on an appearance bond for $1,000. The complaint and appearance bond contained the same justice court cause number. The appearance bond has the justice of the peace's signature rubber stamped on it with the clerk's signature underneath the stamped signature. The record does not reflect any written order reducing the bail. Appellant contends that the clerk of the justice court reduced the bail from $15,000 to $1,000 without authority and thus the bond was void.

In *Bennett v. State,* Tex.Cr.App., 394 S.W.2d 804, we held that the approval of an appearance bond by a rubber stamped signature of the justice of the peace did not vitiate the bond as the judge's approval was not necessary to the validity of a bond taken by him.

We find no requirement that a magistrate must file a written order when he reduces the bail. While a written order reducing bail might be preferable, absent a showing to the contrary, we will presume that a magistrate has reduced bail when an appearance bond is issued at a lower amount than that specified on a complaint.

Here, the burden was on the appellant to show that reduction in bail was not authorized. No evidence was presented to show that the judge did not reduce the bail.

Appellant further contends that because the principal was indicted by the Harris County grand jury on November 30, 1972, and the district court judge set the principal's bail at $15,000 and ordered the principal arrested, the original $1,000 appearance bond was rendered null and void. Appellant cites no authority for his proposition and our investigation reveals none.

Article 17.09, Section 2, V.A.C.C.P., provides that once an accused has been released on an appearance bond he shall not be required to give another bond in the course of the same criminal action "except as herein provided." Article 17.09, Section 3, supra, provides, however, that a judge in whose court such action is pending may order the accused rearrested and require the accused to give another bond if he finds the original bond defective, excessive, or insufficient.

The record does not reflect the reason for the district judge's order of the rearrest of the principal. Because the district judge set the bail at $15,000, absent evidence to the contrary, we will presume that the accused was ordered rearrested because the trial judge found the original bond insufficient. We hold the issuance of the arrest warrant alone, without the principal actually being rearrested and released under another bond, did not nullify his prior bond obligation.

Appellant next contends that the trial court "abused its discretion in the premises by failing and refusing to order a remittitur of the amount of the final judgment." Since the charge was dismissed against the principal after the judgment nisi and before the final judgment, appellant submits that the trial court should have remitted the full $1,000 of the final judgment.

The primary object or purpose of an appearance bond is to secure the presence of a defendant at court upon trial of an accusation against him. See *McConathy v. State,* Tex.Cr.App., 528 S.W.2d 594; Arts. 17.01, 17.02, 17.09, V.A.C.C.P.

In the instant case, the bond was conditioned that the defendant-principal appear in justice court to answer the accusations against him, and to "personally appear for any and all subsequent proceedings had relative to the above charges before the grand jury of said county and before any court of said county in which said subsequent proceedings may be pending . . ."

The judgment nisi reflects that the defendant-principal did not appear in the 185th District Court of Harris County to answer felony charges against him on December 28, 1972. No evidence was produced by appellant to exonerate the principal

and his sureties under Art. 22.13, V.A.C. C.P., nor does the record reflect that all of the proceedings relative to the charge had been disposed of at the time of the failure to appear. Cf. *McConathy v. State*, supra. The record reflects that no variance exists in the allegations of the judgment nisi and the final judgment. Cf. *Smith v. State*, Tex.Cr.App., 548 S.W.2d 407 (1977).

Appellant cites *Williams v. State*, 159 Tex.Cr.R. 443, 265 S.W.2d 92, in support of his contention that the court should have granted remittitur. In *Williams*, supra, the principal was released on a $500 appearance bond. He appeared for an afternoon trial session of his cause but returned to a night session 48 hours late. During his absence the trial court ordered the $500 bond forfeited. The principal was later tried and fined and given jail time. This Court held that because of the principal's punishment and other circumstances the trial court abused its discretion in not remitting at least $250 of the forfeited bond. We find *Williams*, supra, distinguishable from the instant case in that the principal there did later appear and was tried and sentenced.

We find no merit in appellant's contention that Art. 22.17, V.A.C.C.P., is applicable here. Art. 22.17, supra, provides:

"When the principal appears before the entry of final judgment, and sufficient cause is shown for his failure to appear before the forfeiture is taken, and a trial is had of the criminal action pending against him, he shall be entitled to have the forfeiture set aside. The criminal action against him shall stand for trial, but the State shall not be forced to try the same until reasonable time has been allowed to prepare for trial, and the State shall, in such case, be entitled to a continuance."

Appellant submits that since the charges were dismissed, if the principal had appeared before final judgment, he could not have been arrested or placed in custody, nor could his case have been tried. Appellant contends there is no difference in the requirements of Art. 22.17, supra, and a dismissal of a cause after judgment nisi and before final judgment.

We find no merit in appellant's contention. Appearance alone or the subsequent trial of the cause does not mandate the trial court to set aside the forfeiture. Art. 22.17, supra, also requires that good cause be shown why the principal did not appear in court in accordance with his promise. See *Apodaca v. State*, 493 S.W.2d 856; *State v. Warren*, 17 Tex. 283; *Baker v. State*, 21 Tex.Crim. 359, 17 S.W. 256.

Even if we could equate the dismissal of the charges against the principal with a trial of the criminal action, the other requirements of Art. 22.17 have not been met to entitle the appellant to have the forfeiture set aside; i. e., the principal's appearance before final judgment and the showing of good cause for the principal's failure to appear.

We find the trial court did not abuse its discretion in refusing to remit the amount of the final judgment.

The judgment is affirmed.

Opinion approved by the Court.